1 | RYAN H. CROSNER, CA Bar No. 278418
ryan.crosner@ogletree.com
2 | NARE AVAGYAN, CA Bar No. 292608
nare.avagyan@ogletree.com
3 | OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
4 | 400 South Hope Street, Suite 1200
Los Angeles, CA  90071
5 | Telephone:  213-239-9800
Facsimile:    213-239-9045
6 |
Attorneys for Defendants
7 | ROYALE INTERNATIONAL COURIERS LTD.,
ROYALE INTERNATIONAL COURIERS, INC., and
8 | ROYALE INTERNATIONAL

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| BRIAN TOLK, an individual, | Case No. 2:22-cv-4081 |
|---|---|
| Plaintiff, | **DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT** |
| v. | [Filed concurrently with Civil Cover Sheet; Certification of Interested Parties and Disclosure Statement; Notice of Related Cases; Declaration of David Toth; Declaration Ryan H. Crosner in Support of Removal] |
| ROYALE INTERNATIONAL COURIERS LTD.; ROYALE INTERNATIONAL COURIERS, INC.; ROYALE INTERNATIONAL; and DOES 1 to 100, Inclusive | |
| Defendants. | |
| | Complaint Filed: March 25, 2022 Trial Date:       None Judge:           Hon. _____ Courtroom:      _____ |

1     **TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL**

2    **DISTRICT OF CALIFORNIA AND TO PLAINTIFF BRIAN TOLK AND HIS**

3    **ATTORNEYS OF RECORD:**

4        PLEASE TAKE NOTICE THAT defendants Royale International Couriers

5    Ltd., Royale International Couriers, Inc., and Royale International ("Defendants"),

6    by and through the undersigned counsel, hereby remove the above-entitled action

7    from the Superior Court of the State of California for the County of Los Angeles to

8    the United States District Court for the Central District of California, pursuant to 28

9    U.S.C. Sections 1332, 1441(a) and 1446.

10       In support of such removal, Defendants states as follows:

11  **I.**      **THE REQUIREMENTS OF 28 U.S.C. SECTIONS 1391 AND 1446**

12          **HAVE BEEN SATISFIED**

13       1.     Venue is proper in this Court pursuant to 28 U.S.C. Sections 1391 and

14    1446(a).

15       2.     Venue is proper in this Court, because this action was originally filed in

16    Los Angeles County Superior Court, located within this District and Division of the

17    Court.  *See* 28 U.S.C. §§ 84, subd. (c), 1441, subd. (a).

18       3.     In accordance with 28 U.S.C. Section 1446(a), this Notice is filed in the

19    District Court of the United States in which the action is pending.  The Superior

20    Court of California, Los Angeles County, where the State Court action was filed, is

21    located within the Western Division of the Central District of California.  Therefore,

22    venue is proper in this Court pursuant to 28 U.S.C. Section 84(c)(1) because it is the

23    "district and division embracing the place where such action is pending."  28 U.S.C.

24    § 1441(a).

25       4.     Venue of this action is also proper pursuant to 28 U.S.C. Section 1391,

26    providing that an action may be venued in a judicial district where a substantial part

27    of the event or omissions giving rise to the claim occurred.

28       5.     Here, the Complaint alleges that "all of the claims alleged herein arose

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT
51538148.v2-Ogletree

1   in Los Angeles County."  Declaration of Ryan H. Crosner ("Crosner Decl."), ¶ 2,

2   Exhibit 2, Complaint, ¶ 1.

3         6.      In compliance with 28 U.S.C. Section 1446(a), copies of all process,

4   pleadings, orders, and other papers filed in the civil action in the Superior Court of

5   Los Angeles County, State of California are attached to the Declaration of Ryan H.

6   Crosner as follows:

7               (a) Summons (Exhibit 1);

8               (b) Complaint (Exhibit 2);

9               (c) Civil Case Cover Sheet (Exhibit 3);

10              (d) Notice of Case Assignment (Exhibit 4);

11              (e) Voluntary Efficient Litigation Stipulations (Exhibit 5);

12              (f) Alternative Dispute Resolution (ADR) Information Packet (Exhibit

13                 6);

14              (g) First Amended General Order (Exhibit 7).

15        7.      A defendant in a civil action has 30 days from the date it is validly

16  served with a summons and complaint to remove the action to federal court.  28

17  U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be

18  filed within 30 days after the receipt by the defendant, through service or otherwise,

19  of a copy of the initial pleading setting forth the claim for relief upon which such

20  action or proceeding is based.").

21        8.      Service was effectuated upon Defendants on May 16, 2022, when the

22  Notice of Acknowledgment of Receipt was signed.  *See* Crosner Decl., ¶ 3, Exhibit

23  8.  In accordance with 28 U.S.C. §1446(b), the Notice of Removal was filed within

24  30 days after the Notice of Acknowledgment of Receipt was signed.  *See Murphy*

25  *Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999); *Lerma v. URS*

26  *Fed. Support Servs.*, No. 1:11-cv-00536-LJO-MJS, 2011 WL 2493764, at *2 (E.D.

27  Cal. June 22, 2011) ("[I]n a case involving service by mail, service is not effective

28  until a Notice of Acknowledgment of receipt is signed.").

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT
51538148.v2-Ogletree

9. In accordance with 28 U.S.C. Section 1446(d), following the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to Plaintiff's Counsel of Record, JS Abrams Law, P.C., and a copy of the Notice of Removal will be filed with the Clerk of the Los Angeles County Superior Court.. True and correct copies of the Notice to the Plaintiff and the state court shall be filed promptly.

10. No prior application has been made for the relief requested in this Removal.

## II.   RELEVANT PROCEDURAL BACKGROUND/THE STATE COURT ACTION

1. On or about March 25, 2022, Plaintiff Brian Tolk ("Plaintiff") filed a Complaint in the Superior Court of California, County of Los Angeles, captioned *Brian Tolk v. Royale International Couriers Ltd.; Royale International Couriers, Inc.; Royale International* (the "Complaint"). Crosner Decl., ¶ 2. Pursuant to 28 U.S.C. Sections 1446(a), 1447(b), and 1449, a true and correct copy of the Complaint and all other process, pleadings, orders, and papers filed in the civil action in the Superior Court of Los Angeles County is attached to the Declaration of Ryan H. Crosner filed in support of Defendants' Notice of Removal ("Notice") as Exhibits 1 through 7.

2. The Complaint asserts the following causes of action: (1) Wrongful Termination in Violation of Public Policy; (2) Violation of Labor Code Section 226.8 – Misclassification; (3) Retaliation in Violation of Public Policy and Labor Code Section 1102.5; (4) Unfair Business Practices; and (5) Declaratory Relief. Crosner Decl., ¶ 2, Exhibit 2, Complaint.

3. On May 16, 2022, Defendants' attorney accepted service of the Complaint and other papers filed with the Complaint by signing and returning the Notice and Acknowledgment of Receipt to Plaintiff. Crosner Decl., ¶ 3, Exhibit 8,

1   Notice and Acknowledgment of Receipt.

2          4.     As set out in more detail below, this action is one over which this Court

3   has original jurisdiction and is one that may be removed to this Court under 28

4   United States Code Sections 1332(a), 1441(a), and 1446, because the instant lawsuit

5   is between citizens of different states, and the alleged amount in controversy is

6   greater than $75,000, as set forth below.

7   **III.   A PROPER BASIS EXISTS FOR REMOVAL, BECAUSE THIS COURT**

8          **HAS DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C.**

9          **SECTIONS 1332 AND 1441**

10         1.     This Court has original subject matter jurisdiction over this action, and

11  thus may be removed to this Court, pursuant to 28 U.S.C. Sections 1332 and

12  1441(b), because complete diversity exists among the parties, as it is a civil action

13  between citizens of different states, and the amount in controversy *exceeds* $75,000,

14  exclusive of interest and costs.

15         **A.     Complete Diversity Exists Between the Parties.**

16         2.     Plaintiff is, and was at the time the Complaint was filed, a citizen of the

17  State of California.

18         3.     Defendants were not a citizen of the State of California at the time the

19  Complaint was filed, nor are they citizens of the State of California at the time of the

20  filing of this Removal.

21                **1.     Plaintiff is a Citizen of a State that Differs from the**

22                       **Citizenship of All Other Defendants.**

23                       **a.     Plaintiff is a Citizen of the State of California.**

24         4.     For diversity purposes, a person is a "citizen" of the state in which he or

25  she is domiciled. *Kantor v. Wellesley Galleries, Ltd.* (9th Cir. 1983) 704 F.2d 1088,

26  1090.  A person's domicile is the place he or she resides with the intention to remain

27  or to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d

28  853, 857 (9th Cir. 2001).  Residence is prima facie evidence of domicile.  *State Farm*

1    *Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *Murroquin v. Wells*

2    *Fargo, LLC*, 2011 U.S. Dist. LEXIS 10510, at \*3-4 (S.D. Cal. 2011); *Smith v.*

3    *Simmons*, 2008 U.S. Dist. LEXIS 21162, \*22 (E.D. Cal. 2008) (place of residence

4    provides prima facie case of domicile); see *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir.

5    1986) (allegations of residency in a state court Complaint can create a rebuttable

6    presumption of domicile supporting diversity of citizenship); see also *State Farm*

7    *Mut. Auto Ins. Co.*, at 519-520 (allegations by party in state court Complaint of

8    residency created a presumption of continuing residence in [state] and put the burden

9    of coming forward with contrary evidence on the party seeking to prove otherwise).

10         5.      Here, Plaintiff sets forth in the Complaint that at all times mentioned

11    herein, Plaintiff resided in Los Angeles County.  *See* Crosner Decl. ¶ 2, Exhibit 2,

12    Complaint ¶ 1.   The Complaint references time periods from March 2018 to March

13    2020.  *See generally* Complaint.  Further, when Plaintiff submitted his invoices

14    during the time he performed services for Royale, he listed his residence as being in

15    Los Angeles County.  Toth Decl., ¶ 6.  A preponderance of the evidence

16    demonstrates that as of the time the Complaint was filed and as of this removal,

17    Plaintiff not only resided in California but was domiciled there.  Thus, Plaintiff is a

18    citizen of the state of California.

19              **b.**      **Defendants are Citizens of the State of Arizona.**

20         6.      For diversity purposes, a corporation shall be deemed a citizen of any

21    State in which it has been incorporated and of the State where it has its principal

22    place of business.  28 U.S.C. § 1332, subd. (c)(1); *Davis v. HSBC Bank Nevada, N.A.*

23    557 F.3d 1026, 1028 (9th Cir. 2009) (citing the statute).  The Supreme Court has

24    established the proper test for determining a corporation's principal place of business

25    for purposes of diversity jurisdiction.  *Hertz Corp. v. Friend* (2010) 559 U.S. 77.

26    The Court held that the "'principal place of business' [as set forth in Section

27    1332(c)] is best read as referring to the place where a corporation's officers direct,

28    control, and coordinate the corporation's activities."  (Id., at 92-93.)  The Court

Case No. 2:22-cv-4081

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

51538148.v2-Ogletree

1   further clarified that the principal place of business was the place where the

2   corporation "maintains its headquarters – provided that the headquarters is the actual

3   center of direction, control and coordination."  *Id*., at 93; *see also Montrose Chem. v.*

4   *Am. Motorists Ins. Co*., 117 F.3d 1128, 1134 (9th Cir. 1997) (holding that a

5   corporation's principal place of business is the state in which it performs a

6   substantial predominance of its corporate operations and, when no state contains a

7   substantial predominance of the corporation's business activities, then the

8   corporation's principal place of business is the state in which the corporation

9   performs its executive and administrative functions).)

10         7.        Here, Defendant Royale International Couriers Ltd. is, and at all times

11   relevant to this action was, a corporation incorporated in the State of Arizona.  Toth

12   Decl., ¶ 4.  Royale International Couriers Ltd.'s corporate headquarters are, and were

13   at all times relevant to this action, located in Arizona.  *Ibid.*  Its principal place of

14   business, and location from which its executive and senior management personnel

15   and primary management operations direct, control, and coordinate the corporation's

16   activities, is, and was at all relevant to this action, located in Tempe, Arizona.  *Ibid.*

17   It also houses its corporate resolutions in the Arizona.  *Ibid.*  Accordingly, Royale

18   International Couriers Ltd. is a citizen of the State of Arizona.

19         8.        The Complaint erroneously names "Royale International Couriers, Inc."

20   and "Royale International" as defendants.  There are no entities affiliated with

21   Royale International Couriers Ltd. with this name.  Toth Decl., ¶ 5.  Further, "Royale

22   International Couriers, Inc." and "Royale International" are not entities registered to

23   do business in California or Arizona.  *See* Crosner Decl., ¶ 5.f

24              **2.        The Citizenship of the Doe Defendants is Irrelevant.**

25         9.        "For purposes of removal . . . the citizenship of defendants sued under

26   fictitious names shall be disregarded."  28 U.S.C., § 1441, subd. (b)(1)  Inclusion of

27   "Doe" defendants in a state court complaint has no effect on removability.  (See e.g.,

28   *Newcomb v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998) (holding that in

1  determining whether diversity of citizenship exists, only the named defendants are

2  considered); see also *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir.

3  1980).  Therefore, Plaintiff's inclusion of DOES 1 through 100 in the Complaint

4  cannot defeat diversity jurisdiction.

5         10.    Therefore, this Court has original jurisdiction over the instant case

6  based on diversity jurisdiction pursuant to United States Code, Title 28, Sections

7  1332 and 1441(b) because Plaintiff is, and was at all times relevant to this action, a

8  citizen of the State of California; and Defendants are, and were at all times relevant

9  to this action, a citizen of the State of Arizona.  As a result, complete diversity

10  between the parties exists now, and existed at the time the Complaint was filed.

11         **B.     The Amount in Controversy Exceeds an Aggregate of $75,000.[1]**

12         11.    This Court has original jurisdiction over the case pursuant to United

13  States Code, Title 28, Sections 1332 and 1441(b), on the basis that the amount in

14  controversy currently exceeds, and at the time of filing exceeded, the requisite

15  $75,000 minimum, exclusive of interest and costs, pursuant to the facts set forth

16  herein and more specifically described below.

17         12.    Defendants discuss below the allegations in Plaintiff's Complaint that

18  are the subject of this matter solely to demonstrate that the amount in controversy in

19  this matter exceeds $75,000.  In doing so, Defendants do not admit that Plaintiff is

20  entitled to the damages sought or that Plaintiff will be able to recover on any of his

21  theories.

22         13.    The Federal Court's Jurisdiction and Venue Clarification Act of 2011

23  ("JVCA"), which applies to state and federal lawsuits commenced on or after

24  January 6, 2012, defines the amount in controversy.  Pub. L. 112-63, Title II, § 205.

25         14.    Under the JVCA, Congress clarified that the *preponderance of the*

26

27  [1] This section serves the limited and sole purpose of demonstrating that the amount
in controversy in this matter exceeds $75,000; Defendants do not admit that Plaintiff
28  is entitled to these damages or that Plaintiff will be able to recover on any of his
theories.

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT
51538148.v2-Ogletree

1   *evidence standard* applies to removals under 28 U.S.C. Section 1332(a).  See H.R.

2   Rep. 112-10 at 16 ("defendants do not need to prove to a legal certainty that the

3   amount in controversy requirement has been met").  28 U.S.C. Section 1446(c)(2)(A)

4   provides, in relevant part, that "the notice of removal may assert the amount in

5   controversy if the initial pleading seeks…a monetary judgment, but the State

6   practice…permits recovery of damages in excess of the amount demanded."  Under

7   these circumstances, "removal of the action is proper on the basis of an amount in

8   controversy…if the district court finds, by a preponderance of the evidence, that the

9   amount in controversy exceeds the amount specified in section 1332(a)," or $75,000.

10  28 U.S.C. § 1446, subd. (c)(2)(B).  Accordingly, a removing defendant must

11  demonstrate that the amount in controversy is more than $75,000 by a preponderance

12  of the evidence, not to a legal certainty.

13      15.    The United States Supreme Court held that, "as specified in § 1446(a), a

14  defendant's notice of removal need include only a *plausible allegation* that the

15  amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin*

16  *Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014) (emphasis added).)  The

17  Ninth Circuit has also rejected application of the legal certainty standard for

18  removals.  *See Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir.

19  Aug. 27, 2013) ("A defendant seeking removal…must demonstrate, by a

20  preponderance of evidence, that the aggregate amount in controversy exceeds the

21  jurisdictional minimum").)

22      16.    To meet this relatively low burden of showing regarding the amount in

23  controversy, a defendant may rely on the plaintiff's allegations, which are assumed

24  to be true, and provide supplementary facts or numbers upon which the amount in

25  controversy can reasonably be calculated.  *See Korn v. Polo Ralph Lauren Corp.*,

26  536 F.Supp. 2d 1199, 1205 (E.D. Cal. 2008) ("In addition to the contents of the

27  removal petition, the court considers 'summary-judgment-type evidence relevant to

28  the amount in controversy at the time of removal,' such as affidavits or

1 declarations"); *Rippie v. Boston Mkt. Corp.*, 408 F.Supp. 2d 982, 986 (S.D. Cal.

2 2005) (allowing the use of "Defendant's own numbers" for "purposes of analyzing

3 the amount in controversy"). Such calculations are more than sufficient to establish

4 the amount in controversy. *See Rippee*, at 986 ("The amount of overtime claims in

5 controversy can…be calculated using a combination of Defendant's own numbers

6 and Plaintiff's allegations").

7      17.    Removal is proper if, based on the allegations of the Complaint and the

8 Notice of Removal, it is more likely than not that the value of a plaintiff's claims

9 exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir.

10 1996). "[T]he amount in controversy is simply an estimate of the total amount in

11 dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon*

12 *Comm., Inc.*, 627 F.3d 395, 400 (10th Cir. 2008), *citing McPhail v. Deere & Co.*,

13 529 F.3d 947, 956 (10th Cir. 2008)). In other words, when assessing the amount in

14 controversy, a court must "assume that the allegations of the complaint are true and a

15 jury will return a verdict for the plaintiff on all claims made in the complaint."

16 *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F. Supp. 2d 993, 1001

17 (C.D. Cal. 2002) (emphasis added). Consequently, courts also may not rely on a

18 defendant's potential defenses to determine the amount in controversy. *Geographic*

19 *Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1108 (9th Cir. 2010) ("[J]ust

20 because a defendant might have a valid defense that will reduce recovery to below

21 the jurisdictional amount does not mean the defendant will ultimately prevail on that

22 defense. . . . The district court should not have relied on GeoEx's potential . . .

23 defense to determine the amount in controversy"). "The removing party's burden is

24 'not daunting,' and defendants are not obligated to 'research, state, and prove the

25 plaintiff's claim for damages.'" *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 999,

26 1004 (C.D. Cal. 2009); *see also Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d

27 1199, 1204-05, (E.D. Cal. 2008). "The amount in controversy is not measured by

28 the low end of an open-ended claim, but rather by a reasonable reading of the value

1    of the rights being litigated." *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993).

2        18.    As explained by the Ninth Circuit, "the amount-in-controversy inquiry

3    in the removal context is not confined to the face of the complaint." *Valdez v.*

4    *Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that the Court may

5    consider facts presented in the removal petition).)

6        19.    The Court may rely on the Notice of Removal to establish the amount in

7    controversy.  28 U.S.C., § 1446, subd. (c)(2)(A)-(B).

8        20.    The Court may also, for removal purposes, look to the pleadings for

9    underlying facts establishing the jurisdictional limit.  *Gaus v. Miles, Inc.*, 980 F.2d

10   564, 566. (9th Cir. 1992).

11       21.    The amount in controversy can also be determined by considering the

12   aggregate of general damages, special damages, punitive damages, and attorneys'

13   fees.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).  In

14   determining whether the jurisdictional minimum is met, the Court considers all

15   recoverable damages, including emotional distress damages, punitive damages,

16   statutory penalties, and attorneys' fees.  *See Hunt v. Wash. State Apple Advertising*

17   *Comm'n*, 432 U.S. 333, 347-48 (1977); *Galt G/S, supra,* 142 F.3d at 1155-56;

18   *Anthony v. Sec. Pac. Fin'l Servs., Inc.*, 75 F.3d 311, 315 (7th Cir. 1996).  These

19   damages include "the amount that can reasonably be anticipated at the time of

20   removal, not merely those already incurred." *Simmons v. PCR Tech.*, 209 F. Supp.

21   2d 1029, 1035 (N.D. Cal. 2002); *see also Brady v. Mercedes-Benz USA, Inc.*, 243 F.

22   Supp. 2d 1004, 1008-11 (N.D. Cal. 2002).

23       22.    Here, Plaintiff seeks back pay, front pay, and other special damages

24   according to proof; economic and non-economic damages; punitive damages;

25   statutory penalties pursuant to Labor Code Sections 226.8 and 1102.5; attorney's

26   fees; and such other and further relief as the Court may deem just and proper.

27   Crosner Decl., ¶ 2, Exhibit 2, Complaint, Prayer at 9:25-10:1-9.

28       23.    As discussed more fully below, Plaintiff's prayer for relief establishes

1   by a preponderance of the evidence that the amount in controversy exceeds $75,000.

2   (See id., at 9:25-10:1-9.)  This alone is enough to satisfy the amount-in-controversy

3   threshold.  *See In re Brosseau*, Civil Case No. 10-cv-02526-REB-CBS, 2010 WL

4   5313765 (D. Colo. Dec. 17, 2010) (finding amount-in-controversy requirement

5   satisfied given that plaintiff's "prayer for relief in its petition demonstrates explicitly

6   that well over 75,000 dollars is at issue in this case").

7                    **1.      Plaintiff's Potential Damages for Lost Wages.[2]**

8          24.     Plaintiff seeks back pay and front pay damages.  *See* Crosner Decl., ¶ 2,

9   Exhibit 2, Complaint, Prayer at 9:25.

10         25.     At or around the time of his termination, Plaintiff was paid by Royale

11  International Couriers Ltd. approximately $8,916.67 per month for his services.

12  Toth Decl., ¶ 7.

13         26.     Although it is denied that Plaintiff is entitled to recovery any such

14  damages, if Plaintiff is able to recover back wages from his alleged last date of

15  employment until the present, or from March 30, 2020, until the present (i.e., 26

16  months), this amounts to approximately $231,833.42 in alleged back pay damages.

17         27.     In addition to Plaintiff's potential back pay damages, front pay awards

18  in California frequently span a number of years.  *See e.g.*, *Horsford v. Board of*

19  *Trustees of California State University*, 132 Cal.App.4th 359, 389 (2005) (in a

20  retaliation, discrimination, and wrongful termination action brought by three

21  plaintiffs, the court upheld a front pay award that compensated one of the plaintiffs

22  for two years).  Like the plaintiffs in *Horsford*, Plaintiff, here, alleges he was

23  wrongfully terminated from his employment by Defendants in violation of public

24  policy.  Therefore, and in recognition that Plaintiff will seek front pay damages for at

25  least the two year period immediately following trial, Plaintiff's damages would

26

27  [2] By estimating the amounts Plaintiff may recover if he prevails, Defendants do not
    concede that Plaintiff will prevail on any of his claims or that, if he prevails, he is
28  entitled to damages in any particular amount or at all.  Defendants reserve the full
    right to dispute Plaintiff's claims with respect to both liability and damages.

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT
51538148.v2-Ogletree

1 amount to approximately $321,000.12 (three years).  Thus, just based on lost wages,

2 and without even considering other compensatory damages or punitive damages,

3 Plaintiff's total alleged lost wages is well over $75,000.  *Kroske v. U.S. Bank Corp.*,

4 432 F.3d 976, 980 (9th Cir. 2005) (trial court properly considered evidence of

5 plaintiff's lost wages in determining that the amount in controversy exceeded

6 $75,000).

7 **2.      Economic and Non-economic Damages.**

8      28.     Plaintiff seeks economic damages as specified above.

9      29.     Plaintiff also seeks non-economic damages, Crosner Decl., ¶ 2, Exhibit

10 2, Complaint, Prayer at 9:26-10:1, in the form of emotional distress damages, *see id.*,

11 5:19-20.  A review of jury verdicts in California, attached as Exhibit 9 to the

12 Declaration of Ryan H. Crosner filed concurrently with this Notice, demonstrates

13 that emotional distress awards in retaliation and wrongful termination cases

14 commonly exceed $75,000.  The following cases have resulted in emotional distress

15 damages awards in excess of the $75,000 threshold:

16  • *Navarro v. DHL Global Forwarding*, No. 1708160028, 2017 WL 3503541

17    (C.D. Cal. May 22, 2017) ($765,000 for non-economic damages where

18    plaintiff alleged he was discriminated against and wrongfully terminated in

19    violation of public policy);

20  • *Izaguirre v. International Coffee & Tea LLC, et al.*, 2013 WL 6624243

21    (Cal. Sup. Ct. September 26, 2013) ($85,000 for non-economic damages

22    where plaintiff alleges she was terminated from her employment in

23    violation of public policy);

24  • *Karras v. Joan Baker Designs Inc.,* 2008 WL 8126132 (Cal. Sup. Ct.

25    August 13, 2008) ($100,000 awarded to plaintiff alleging marital status

26    discrimination and wrongful termination in violation of public policy;

27  • *Hernandez v. Pacific Bell Tel. Co.*, No. 1605120026, 2016 WL 27 (Cal.

28    Sup. Ct. April 14, 2016) ($1,500,000 for pain and suffering where plaintiff

1    alleges she was terminated in retaliation for interference with her rights

2    under CFRA and FMLA).

3    True and correct copies of these verdicts, and the verdicts discussed below, are

4    attached as Exhibit 9 to the Declaration of Ryan H. Crosner, ¶ 4.

5    30.    Here, Plaintiff alleges wrongful termination in violation of public

6    policy.  Plaintiff's allegations are similar to both the factual and legal issues raised in

7    the cases above.  Accordingly, if a fact-finder believes Plaintiff, then even from a

8    conservatively measured standpoint, Plaintiff's emotional distress damages, at the

9    time of removal, exceeds $75,000.

10   31.    Therefore, if Plaintiff were to prevail at trial, he could be awarded a

11   substantial amount of emotional distress damages in addition to any award for lost

12   wages and benefits.

13   **3.    Punitive Damages.**

14   32.    Plaintiff seeks punitive damages.  Crosner Decl., ¶ 2, Exhibit 2,

15   Complaint, Prayer at 10:3.  The amount in controversy may include punitive

16   damages.  *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well

17   established that punitive damages are part of the amount in controversy in a civil

18   action"); *Romo v. FFG Ins. Co.*, 397 F.Supp.2d 1237, 1240 (C.D. Cal. 2005) (where

19   authorized, punitive damages are considered as part of the amount in controversy in

20   meeting the prerequisite for diversity jurisdiction); *St. Paul Reinsurance Co., Ltd. v.*

21   *Greenburg*, 134 F.3d 1250, 1253-1254 (5th Cir. 1998); *Anthony v. Security Pacific*

22   *Financial Services, Inc.*, 75 F.3d 311, 315 (7th Cir. 1996); *Watson v. Blankinship*, 20

23   F.3d 383, 386-387 (10th Cir. 1994); *Davenport v. Mutual Benefit Health and*

24   *Accident Ass'n,* 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken

25   into account where recoverable under state law).)

26   33.    Punitive damages may be substantial.  *See Lang v. Healthco Int'l Corp.*,

27   No. 327143-4, 1986 WL 795038 (Fresno County Superior Court) (awarding

28   $175,000 in punitive damages on a wrongful termination claim); *Chopourian v.*

1   *Catholic Healthcare West*, No. 09CV02972 (KJM), 2012 WL 767196 (E.D. Cal.

2   2012) (awarding $31,250,000 in punitive damages for wrongful termination case).)

3   Courts have affirmed jury verdicts exceeding one million dollars in alleged wrongful

4   termination cases. *See e.g.*, *Juarez v. AutoZone Stores, Inc.*, JVR No. 1412040011,

5   2014 WL 7017660 (S.D. Cal. Nov. 17, 2014) (awarding $185,872,720 in punitive

6   damages in case involving claims of wrongful termination, among other things);

7   *Lopez v. Bimbo Bakers USA Inc.*, 2007 WL 1765192 (Cal. Sup. Ct. May 22, 2007)

8   (awarding $2,340,700 to former delivery driver claiming employer terminated her

9   because of her disability); *Coziahr v. Chula Vista Elem. Sch. Dist.*, 2007 WL

10   4590579 (Cal. Sup. Ct. Dec. 7, 2007) (awarding $1,012,720 to former grade school

11   teacher claiming a pattern of gender discrimination over two-year period, ending in

12   her termination).)  Indeed, in *State Farm Mut. Automobile Ins. Co. v. Campbell*,

13   538 U.S. 408 (2004), the United States Supreme Court held that the longstanding

14   historical practice of setting punitive damages at two, three, or four times the size of

15   compensatory damages, while "not binding," is "instructive," and that "single-digit

16   multipliers are more likely to comport with due process."

17        34.    These cited cases show that, if the fact-finder believes Plaintiff, the

18   potential for an exemplary damages award in excess of this court's jurisdictional

19   minimum strongly exists.

20                **5.**    **Attorneys' Fees.**

21        35.    Attorneys' fees may be included in the amount in controversy.  *Galt*

22   *G/S, supra* 142 F.3d (attorneys' fees may be included in the amount in controversy if

23   recoverable by statute or contract); *see also Horsford, supra,* 132 Cal.App.4th at 394

24   ("prevailing party" is entitled to attorneys' fees "absent circumstances that would

25   render the award unjust").

26        36.    As demonstrated above, numerous cumulative bases exist to establish

27   that the damages sought by Plaintiff exceed the Court's jurisdictional minimum.  As

28   the preponderance of the evidence demonstrates that the alleged damages far exceed

1   this Court's jurisdictional limit of $75,000, and as the parties are of diverse

2   citizenship, removal is proper.

3         37.    In sum, when Plaintiff's potential compensatory damages, emotional

4   distress damages, punitive damages, and attorneys' fees are aggregated, it easily

5   becomes "more likely than not" that the amount at issue in this lawsuit far exceeds

6   the minimum required for diversity jurisdiction.  *Sanchez v. Monumental Life Ins.*

7   *Co.*, 95 F.3d 856, 860 (9th Cir.), opinion amended and superseded on denial of

8   rehearing, 102 F.3d 398 (9th Cir. 1996).  Based upon the allegations contained in

9   Plaintiff's Complaint, as discussed above, Defendants are informed and believe, and

10  thereon allege, that the amount in controversy in this action exceeds $75,000 and,

11  therefore, Plaintiff seeks damages within the jurisdictional authority of this Court.

12  Because diversity of citizenship exists between the Plaintiff and Defendants, and the

13  amount in controversy is in excess of $75,000, this Court has original jurisdiction of

14  the action pursuant to 28 U.S.C. Section 1332(a)(1).  This action is therefore proper

15  for this Court to remove.

16  **IV.**    **NO JOINDER REQUIRED**

17        1.    Unnamed, or doe, defendants are not required to join in removal.

18  *Emrich v. Touche Ross & Co.*, 846 F.2d 1190 n.1 (9th Cir. 1988) (doe defendants

19  need not join in removal).

20

21

22

23

24

25

26

27

28

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT
51538148.v2-Ogletree

## V.   **REMOVAL IS TIMELY**

1.   As required by 28 U.S.C. Section 1446(b), the original Notice of Removal was filed within 30 days of service of the Complaint upon Defendants.

WHEREFORE, Defendants remove this action to this Court.

DATED:  June 14, 2022

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By:  /s/ Ryan H. Crosner
    Ryan H. Crosner
    Nare Avagyan

Attorneys for Defendants
ROYALE INTERNATIONAL COURIERS LTD., ROYALE INTERNATIONAL COURIERS, INC., and ROYALE INTERNATIONAL