RYAN H. CROSNER, CA Bar No. 278418
ryan.crosner@ogletree.com
NARE AVAGYAN, CA Bar No. 292608
nare.avagyan@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA  90071
Telephone:  213-239-9800
Facsimile:  213-239-9045

Attorneys for Defendants
ROYALE INTERNATIONAL COURIERS LTD.,
ROYALE INTERNATIONAL COURIERS, INC., and
ROYALE INTERNATIONAL

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN TOLK, an individual,<br><br>          Plaintiff,<br><br>     v.<br><br>ROYALE INTERNATIONAL COURIERS LTD.; ROYALE INTERNATIONAL COURIERS, INC.; ROYALE INTERNATIONAL; and DOES 1 to 100, Inclusive<br><br>          Defendants. | Case No. 2:22-cv-4081<br><br>**DECLARATION OF RYAN H. CROSNER IN SUPPORT OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**<br><br>[Filed concurrently with Notice of Removal of Civil Action to United States District Court; Civil Cover Sheet; Certification of Interested Parties and Disclosure Statement; Declaration of David Toth]<br><br>Complaint Filed: March 25, 2022<br>Trial Date:   None<br>Judge:       Hon. _____<br>Courtroom: |

## DECLARATION OF RYAN H. CROSNER

I, Ryan H. Crosner, declare and state as follows:

1. I am an attorney licensed to practice law before all courts of the State of California. I am an attorney at the law firm of Ogletree, Deakins, Nash, Smoak and Stewart, P.C., counsel for defendants Royale International Couriers Ltd., Royale International Couriers, Inc., and Royale International (collectively referred to herein as "Defendants"). I make this declaration in support of Defendants' Removal of Civil Action to United States District Court ("Removal"). The facts set forth herein are true of my own personal knowledge, and if called upon to testify thereto, I could and would competently do so under oath.

2. On or about March 25, 2022, Plaintiff Brian Tolk ("Plaintiff") filed a Complaint in the Superior Court of California, County of Los Angeles, captioned Brian Tolk v. Royale International Couriers Ltd.; Royale International Couriers, Inc.; Royale International. Plaintiff sets forth in the Complaint that at all times mentioned herein, Plaintiff resided in Los Angeles County. Attached hereto are true and correct copies of the following process, pleadings, and orders filed in the civil action in the Superior Court of Los Angeles County, State of California ("Superior Court Action"): Summons (**Exhibit 1**); Complaint (**Exhibit 2**); Civil Case Cover Sheet (**Exhibit 3**); Notice of Case Assignment (**Exhibit 4**); Voluntary Efficient Litigation Stipulations (**Exhibit 5**); Alternative Dispute Resolution (ADR) Information Packet (**Exhibit 6**); and First Amended General Order (**Exhibit 7**).

3. On May 16, 2022, I accepted service of the documents attached hereto as Exhibits 1 through 7 by signing and returning the Notice and Acknowledgment of Receipt to Plaintiff. A true and correct copy of this Notice and Acknowledgment of Receipt is attached hereto as **Exhibit 8**.

4. Attached as **Exhibits 9(a)-(i)** to this declaration are true and correct copies of federal and state court decisions/verdicts/settlements:

(a) *Navarro v. DHL Global Forwarding*, No. 1708160028, 2017 WL

3503541 (C.D. Cal. May 22, 2017) ($765,000 for non-economic damages where plaintiff alleged he was discriminated against and wrongfully terminated in violation of public policy);

(b)   *Izaguirre v. International Coffee & Tea LLC, et al.*, 2013 WL 6624243 (Cal. Sup. Ct. September 26, 2013) ($85,000 for non-economic damages where plaintiff alleges she was terminated from her employmen tin violation of public policy);

(c)   *Karras v. Joan Baker Designs Inc.,* 2008 WL 8126132 (Cal. Sup. Ct. August 13, 2008) ($100,000 awarded to plaintiff alleging marital status discrimination and wrongful termination in violation of public policy;

(d)   *Hernandez v. Pacific Bell Tel. Co.*, No. 1605120026, 2016 WL 2758062 (Cal. Sup. Ct. April 14, 2016) ($1,500,000 for pain and suffering where plaintiff alleges she was terminated in retaliation for interference with her rights under CFRA and FMLA).

(e)   *Lang v. Healthco Int'l Corp.*, No. 327143-4, 1986 WL 795038 (Fresno County Superior Court) (awarding $175,000 in punitive damages on a wrongful termination claim);

(f)   *Chopourian v. Catholic Healthcare West, No*. 09CV02972 (KJM), 2012 WL 767196 (E.D. Cal. 2012) (awarding $31,250,000 in punitive damages for wrongful termination case).)

(g)   *Juarez v. AutoZone Stores, Inc.*, JVR No. 1412040011, 2014 WL 7017660 (S.D. Cal. Nov. 17, 2014) (awarding $185,872,720 in punitive damages in case involving claims of wrongful termination, among other things);

(h)   *Lopez v. Bimbo Bakers USA Inc.*, 2007 WL 1765192 (Cal. Sup. Ct. May 22, 2007) (awarding $2,340,700 to former delivery driver claiming employer terminated her because of her disability);

(i)   *Coziahr v. Chula Vista Elem. Sch. Dist.*, 2007 WL 4590579 (Cal. Sup. Ct. Dec. 7, 2007) (awarding $1,012,720 to former grade school teacher claiming

2

DECLARATION OF RYAN H. CROSNER IN SUPPORT OF REMOVAL
OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

a pattern of gender discrimination over two-year period, ending in her termination).)

5.     "Royale International Couriers, Inc." and "Royale International" are not entities registered to do business in California or Arizona.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on this 14th day of June, 2022, at Los Angeles, California.

_____
Ryan H. Crosner

DECLARATION OF RYAN H. CROSNER IN SUPPORT OF REMOVAL
OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

51538563.v1-OGLETREE

# EXHIBIT 1

Electronically FILED by Superior Court of California, County of Los Angeles on 03/25/2022 05:26 PM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez,Deputy Clerk
Case 2:22-cv-04081-JFW-AS   Document 1-2   Filed 06/14/22   Page 6 of 93   Page ID #:26
22STCV10468

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ROYALE INTERNATIONAL COURIERS LTD.; ROYALE INTERNATIONAL COURIERS, INC.; ROYALE INTERNATIONAL; and DOES 1 to 100, Inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

BRIAN TOLK, an individual;

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse<br>111 North Hill Street<br>Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>22STCV10468 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Navid Kanani, Esq., 20501 Ventura Boulevard, Suite 165, Woodland Hills, CA 91364, (818) 330-4515

| DATE:<br>*(Fecha)* 03/25/2022 | Sherri R. Carter Executive Officer / Clerk of Court<br>Clerk, by<br>*(Secretario)* N. Alvarez | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

**SUMMONS**

CEB
**www.ceb.com**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

EXHIBIT 1, PAGE 4

# EXHIBIT 2

Electronically FILED by Superior Court of California, County of Los Angeles on 03/25/2022 05:26 PM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez,Deputy Clerk

Case 2:22-cv-04081-JFW-AS   Document 1-2   Filed 06/14/22   Page 8 of 93   Page ID #:28

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Richard Fruin

NAVID KANANI, ESQ. (SBN 270797)
LEONA KIWAN, ESQ. (SBN 322148)
**JS ABRAMS LAW, PC**
20501 Ventura Blvd., Suite 165
Woodland Hills, California 91364
Phone (818) 330-4515 | Fax: (818) 330-4138
Email: Navid@jsafirm.com
        Leona@jsafirm.com

Attorneys for Plaintiff,
BRIAN TOLK

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

|  |  |
|---|---|
| BRIAN TOLK, an individual;<br><br>            Plaintiff,<br><br>Vs.<br><br>ROYALE INTERNATIONAL COURIERS LTD.; ROYALE INTERNATIONAL COURIERS, INC.; ROYALE INTERNATIONAL; and DOES 1 to 100, Inclusive.<br><br>            Defendants. | Case No.: _____  22STCV10468<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES FOR:**<br><br>1. Wrongful Termination in Violation of Public Policy;<br>2. Violation of Labor Code Section 226.8-Misclassification;<br>3. Retaliation in Violation of Public Policy and Labor Code Section 1102.5;<br>4. Unfair Business Practices; and<br>5. Declaratory Relief<br><br>**DEMAND FOR JURY TRIAL** |

        COMES NOW Plaintiff BRIAN TOLK (hereinafter "Plaintiff") and alleges and complains

against Defendants ROYALE INTERNATIONAL COURIERS LTD., ROYALE

INTERNATIONAL COURIERS, INC., and ROYALE INTERNATIONAL (hereinafter collectively

referred to as "Defendants") and DOES 1 to 100, Inclusive as follows:

-1-

PLAINTIFF'S COMPLAINT FOR DAMAGES

## I.  JURISDICTION AND VENUE

1.      Jurisdiction and venue are proper in this Court because all of the claims alleged herein arose in Los Angeles County and all of the parties were and/or are residents of Los Angeles County or are doing or did business in Los Angeles County at all times relevant herein.

2.      The amount in controversy herein is within the jurisdictional limit of this Court.

## III. PARTIES

3.      Plaintiff, BRIAN TOLK was at all relevant times hereto an employee of Defendants, ROYALE INTERNATIONAL COURIERS LTD., ROYALE INTERNATIONAL COURIERS, INC., and ROYALE INTERNATIONAL. Plaintiff started his employment with the Defendants, being in or about March 2018, as a Contractor.

4.      During his employment at Defendants, Plaintiff performed his duties in an exemplary and timely manner. Plaintiff was ultimately terminated on or about March 30, 2020.

5.      Plaintiff is informed and believes and thereon alleges that Defendants, ROYALE INTERNATIONAL COURIERS LTD., ROYALE INTERNATIONAL COURIERS, INC., and ROYALE INTERNATIONAL, are and at all times mentioned in this complaint authorized to operate by the State of California and authorized and qualified to do business in the County of Los Angeles.

## IV.  DOE DEFENDANTS, AGENTS AND RATIFICATION

6.      The true names or capacities, whether individual, associate or otherwise, of Doe Defendants 1-100, inclusive, are unknown to Plaintiff and, therefore, Plaintiff sues these Doe Defendants by such fictitious names.  Plaintiff will seek leave of this Court to amend this Complaint to allege such names and capacities as soon as they are ascertained.  Plaintiff is informed and believes and thereon alleges that each of these fictitiously named Defendants is responsible in some manner for the occurrences alleged herein, and that Plaintiff's injuries and damages as alleged and set forth herein were proximately caused by such fictitiously named Defendants.

-2-

7.      Each of the individual Defendants is sued individually and in his or her capacity as an agent, representative, manager, supervisor, independent contractor and/or employee of Corporate Defendants.

8.      Plaintiff is informed and believes and thereon alleges that at all times relevant herein, each and every Defendants, including the Doe Defendants, acted in concert and in furtherance of each other's interest. The acts of the individually named Defendants, as described herein, were known to and ratified by all Defendants.  The acts and conduct of each and every Defendant, as described herein, which were intentional and/or harassing and/or were not a normal part of Plaintiff's employment and were not the result of a legitimate business necessity.

9.      Plaintiff is informed and believes and thereon alleges that at all times relevant herein, each and every act complained of herein was engaged in or ratified by an officer, director or managing agent of each corporate Defendant and was done with malice, oppression or fraud.

### V. ALLEGATIONS COMMON TO ALL CAUSES OF ACTIONS

10.     Plaintiff began his employment with Defendant on or around, March 26, 2019.

11.     Plaintiff was forced to sign an independent contractor employment agreement as a condition of employment. Plaintiff was not an independent contractor.

12.     Throughout Plaintiff's employment, Plaintiff was treated as an employee of the company. Defendant maintained control and supervision over Plaintiff. Plaintiff was not free to seek other employment.

13.     From the beginning of his employment with Defendant, Plaintiff was misclassified and as such incorrectly compensated.

14.     Plaintiff complained about his misclassification as an independent contractor and complained about not being properly compensated. After those complaints, Defendants retaliated against Plaintiff and wrongfully terminated him on March 30, 2020.

///

-3-

PLAINTIFF'S COMPLAINT FOR DAMAGES

## CAUSES OF ACTIONS

### FIRST CAUSE OF ACTION

(Wrongful Termination In Violation Of Public Policy – Against All Corporate Defendants and
DOES 1 through 100, inclusive)

15.   The allegations set forth in Paragraphs 1 through 14 are re-alleged and incorporated herein by reference.

16.   Plaintiff's employment was wrongfully terminated in violation of fundamental public policies of the State of California, including, without limitation, the right to oppose, complain about or object to Defendant's misclassification of Plaintiff's employment relationship, Defendant's breaches of the employment agreement entered into between the parties; and local, municipal, state and federal law violations, and other forms of violations of State and Federal law as well as those fundamental public policies prohibiting termination based on an employee's right to request compensation for hours worked.   Specifically, Defendants, and each of them, violated without limitation:

    a.   California Labor Code Sections 226.8 and 1102.5;

    b.   California Business & Professions Code Section 17200, et seq.

17.   These fundamental public policies inure to the benefit of the public, and not just the private interests of the employer and employee.

18.   The above acts by Defendant were wrongful and in violation of the fundamental principles of the public policy of the State of California as reflected in its laws, objectives and policies.   Said laws, which establish these fundamental public policies include, without limitation:

    a.   California Labor Code Sections 226.8 and 1102.5;

    b.   California Business & Professions Code Section 17200, et seq. and all other statutes, which the evidence proves, were violated.

19.   Plaintiff was wrongfully terminated by Defendants in retaliation for complaining to them about what Plaintiff reasonably believed in good faith and suspected was in fact illegal

-4-

PLAINTIFF'S COMPLAINT FOR DAMAGES

conduct that harmed the public as well as Defendants. Plaintiff was wrongfully terminated shortly after he refused to participate in activity which violated these laws. In violating California's Labor Code's prohibitions against terminating and discriminating against an employee based upon that employee's complaints to his employer concerning the employer's illegal business practices, Defendants' termination of Plaintiff was in violation of fundamental public policies for the benefit of the public. Specifically, the public policy behind those statutes was the prevention of retaliation against and termination of an employee who has complained to his employer about its illegal business practices including misclassification, unpaid wages, and others.

20.     Plaintiff's complaints to Defendants concerning their illegal business practices, and his refusal to participate in Defendants' illegal schemes was a motivating and substantial factor in Defendants' retaliation against his and termination of his employment.

21.     The acts complained of herein were engaged in or ratified by an officer, director or managing agent of each corporate Defendant and was done with malice, oppression or fraud.

22.     As a direct and foreseeable result of the aforesaid acts of said Defendants, Plaintiff has lost and will continue to lose income and benefits in an amount to be proven at the time of trial. Plaintiff claims such amount as damages together with pre-judgment interest pursuant to Civil Code § 3287 and/or any other provision of law providing for pre-judgment interest.

23.     As a result of the aforesaid acts of Defendants, Plaintiff claims damages for emotional distress, general anxiety, grief, shame, humiliation, embarrassment, anger, disappointment and worry, all to his damage, at a minimum, in excess of the maximum jurisdiction of the municipal court.

24.     As a further direct and proximate result of the wrongful conduct of Defendant, Plaintiff has suffered general damages, losses in earnings, bonuses, deferred compensation, employment benefits, earning capacity, opportunities for advancement, work experience, and out-of-pocket expenses and consequential damages, with all of his damage in excess of the minimum subject matter jurisdiction of this Court and according to proof.

-5-

## SECOND CAUSE OF ACTION

(Violation of Labor Code Section 226.8, et seq. – Against All Corporate Defendants and DOES 1 through 100, inclusive)

25.     The allegations set forth in paragraphs 1 through 24 of this Complaint are re-alleged and incorporated herein by reference.

26.     At all times herein, Defendants were in violation of the protections of California Labor Code § 226.8:

"(a) It is unlawful for any person or employer to engage in any of the following activities:

(1) Willful misclassification of an individual as an independent contractor."

27.     At no time during his employment was Plaintiff classified as an employee of Defendants. This misclassification was intentional and willful on the part of Defendants.

28.     As a direct and proximate result, Plaintiff has suffered damages in an amount to be proven at trial.

## THIRD CAUSE OF ACTION

(Retaliation in Violation of Public Policy and Labor Code §1102.5 – Against All Corporate Defendants and DOES 1 through 100, inclusive)

29.     Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1 through 28, inclusive, as though fully set forth herein.

30.     Plaintiff's employment was wrongfully terminated in violation of fundamental public policies of the State of California, including, without limitation, the right to object to, oppose, and/or report violations of the law, wages being withheld improperly and/or retaliation.  These fundamental public policies inure to the benefit of the public, and not just to the private interests of the employer and employee.

31.     Defendants wrongfully retaliated against Plaintiff, by treating Plaintiff as an employer instead as an independent contractor.

32.     Pursuant to Labor Code Section 1102.5(b):

-6-

PLAINTIFF'S COMPLAINT FOR DAMAGES

b) "An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or for providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties."

33.   As set forth above, said actions by Defendants were wrongful and in violation of the fundamental principles of the public policy of the State of California as reflected in its laws, objectives, and policies. California law prohibits discharging or otherwise retaliating against an employee because he or she has raised concerns of misclassification. These prohibitions are well-established under the statutory, regulatory, and decisional laws of California, including, without limitation, Business & Profession Code § 17200; Labor Code § 1102.5.

34.   As a direct and foreseeable result of the aforesaid acts of said Defendants, Plaintiff has lost and will continue to lose income and benefits in an amount to be proven at the time of trial. Plaintiff claims such amount as damages together with pre-judgment interest pursuant to Civil Code section 3287 and/or any other provision of law providing for pre-judgment interest.

35.   The above-described acts of Defendants, by and through their managing agents, officers, or directors, were engaged in with a deliberate, cold, callous, fraudulent, and intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard of Plaintiff and Plaintiff's rights.  Such acts were despicable, and constitute malice, fraud, and/or oppression within the meaning of Civil Code section 3294. Plaintiff requests an assessment of punitive damages against Defendants, in an amount to be proven at the time of trial.

### FOURTH CAUSE OF ACTION

(Violation of Business and Professions Code Section 17200, et seq. – Against All Corporate Defendants and DOES 1 through 100, inclusive)

36.   The allegations set forth in paragraphs 1 through 35 of this Complaint are re-alleged

-7-

EXHIBIT 2, PAGE 11

and incorporated herein by reference.

37.    California's Unfair Competition Law, Business & Professions Code Section 17200 et seq. ("UCL"), prohibits acts of unfair competition, which means and includes any "fraudulent business act or practice . . ." and conduct, which is "likely to deceive" and is "fraudulent" within the meaning of Section 17200.

38.    Defendant's violations of the labor statutes, outlined in the preceding causes of action or hereinafter, were unfair and/or unlawful and/or fraudulent and thus constitute unlawful business practices prohibited by Business & Professional Code §§ 17200 et seq.   By means of these practices, Defendant gained an unfair competitive advantage with respect to other competing companies in California which adhered to lawful norms of business conduct.

39.    An employer which practices retaliatory terminations, misclassifies employees, who promises "executive" level titles and job responsibilities, or other such practices which result in it realizing a significant savings in money and costs and/or an unfair competitive advantage based on misrepresentations, has an unfair competitive advantage over employers who are similarly situated and comply with the laws.   Further, the UCL's remedies are cumulative to other remedies available to Plaintiff.   (Bus. & Prof. Code § 17205.)   Therefore, injunctive relief under the UCL is an appropriate remedy where a business has engaged in an unlawful practice of firing an employee after the employee complained about being misclassified and improperly compensated.

40.    The victims of these unfair, fraudulent and/or illegal business practices, include, but are not limited to Plaintiff and other employees, competing companies and similar franchises in the State of California, and the general public.   Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, performed the above-mentioned acts with the intent of gaining an unfair competitive advantage and thereby injuring Plaintiff directly, employees, other competitors, and the general public.

41.    The acts constitute continuing and ongoing unlawful activities prohibited by Bus. & Prof. Code §§ 17000 et seq. and 17200 et seq., and justify the issuance of an injunction, and all

-8-

remedies pursuant to Bus. & Prof. Code §§ 17203 and 17205.

## **FIFTH CAUSE OF ACTION**

(Declaratory Relief – Against All Named Defendants and DOES 1 through 100, inclusive)

42.    The allegations set forth in paragraphs 1 through 41, of this Complaint are re-alleged and incorporated herein by reference.

43.    Plaintiff is informed and believes and thereupon alleges that Defendants may contend that Plaintiff is an independent contractor and was treated as such, and not as an employee.

44.    An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and duties in that Plaintiff contends that at all relevant times he was treated as an employee of Defendants and Plaintiff is informed and believes and thereupon alleges that Defendants may assert that he was not.

45.    Plaintiff contends that declaring him an independent contractor is not permissible under California law and, therefore, seeks a judicial determination of his rights and duties of the parties, as follows:

    a.   That Plaintiff is an independent contractor and not an employee of Defendants; and

    b.   That Plaintiff is entitled to all the rights of an employee under California law.

46.    A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff may ascertain his rights and duties.

**WHEREFORE,** Plaintiff BRIAN TOLK pray for judgment against Defendants, and DOES 1-100 as follows:

    1.   For back pay, front pay, and other special damages according to proof;

    2.   For damages, including, but not limited to, all economic and non-economic

-9-

PLAINTIFF'S COMPLAINT FOR DAMAGES

damages;

3.    For punitive damages, where allowed by law;

4.    For a declaration of rights;

5.    For pre-judgment and post-judgment interest on all damages awarded;

6.    For all statutory penalties pursuant to Labor Code 226.8, 1102.5;

7.    For reasonable attorney's fees as allowed by law or contract;

8.    For costs of suit incurred; and

9.    For such other and further relief as the Court may deem just and proper.

Date:  March 25, 2022                JS ABRAMS LAW, PC

By: _____

Navid Kanani, Esq.
Leona Kiwan, Esq.
Attorneys for Plaintiff,
BRIAN TOLK

ADDITIONALLY, Plaintiff BRIAN TOLK demand a jury trial of the present case.

Date: March 25, 2022                JS ABRAMS LAW, PC

By: _____

Navid Kanani, Esq.
Leona Kiwan, Esq.
Attorneys for Plaintiff,
BRIAN TOLK

-10-

PLAINTIFF'S COMPLAINT FOR DAMAGES

**EXHIBIT 2, PAGE 14**

# EXHIBIT 3

Electronically FILED by Superior Court of California, County of Los Angeles on 03/25/2022 05:26 PM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez,Deputy Clerk

Case 2:22-cv-04081-JFW-AS   Document 1-2   Filed 06/14/22   Page 19 of 93   Page ID #:39

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Navid Kanani (SBN 270797)<br>JS ABRAMS LAW P.C.<br>20501 Ventura Boulevard, Suite 165<br>Woodland Hills, CA 91364<br>TELEPHONE NO.: (818) 330-4515   FAX NO. *(Optional):* (818) 330-4138<br>E-MAIL ADDRESS: navid@jsafirm.com<br>ATTORNEY FOR *(Name):* Plaintiff, BRIAN TOLK | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Brian Tolk v. Royale International Couriers Ltd.,et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 22STCV10468 |
|---|---|---|---|---|
| ☒ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☒ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is  ☒ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):*  a. ☒ monetary  b. ☒ nonmonetary; declaratory or injunctive relief  c. ☒ punitive
4. Number of causes of action *(specify):* 13; Wrongful termination, Misclassification, Retaliation
5. This case ☐ is  ☒ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date:  March 25, 2022

Navid Kanani, Esq.
_____
(TYPE OR PRINT NAME)                                    ▶                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. September 1, 2021]

CEB | Essential Forms
ceb.com

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–33.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

**EXHIBIT 3, PAGE 15**

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief from Late
Claim
Other Civil Petition

CEB® Essential Forms
ceb.com

**EXHIBIT 3, PAGE 16**

| SHORT TITLE: Tolk v. Royale International Couriers Ltd., et al. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
# STATEMENT OF LOCATION
# (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

**EXHIBIT 3, PAGE 17**

| SHORT TITLE: Tolk v. Royale International Couriers Ltd., et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation         Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LASC CIV 109 Rev. 12/18

For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3

Page 2 of 4

EXHIBIT 3, PAGE 18

| SHORT TITLE: Tolk v. Royale International Couriers Ltd., et al. | CASE NUMBER |
|---|---|

| | **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

EXHIBIT 3, PAGE 19

| SHORT TITLE: Tolk v. Royale International Couriers Ltd., et al. | CASE NUMBER |
|---|---|

**Step 4:** **Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| **REASON:** ☐ 1. ☑ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS: 1761 N. Harvard Blvd. |
|---|---|

| CITY: Los Angeles | STATE: CA | ZIP CODE: 90026 | |
|---|---|---|---|

**Step 5:** **Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: ___March 25, 2022___

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

**EXHIBIT 3, PAGE 20**

# EXHIBIT 4

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>03/25/2022<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ N. Alvarez _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>22STCV10468 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Richard L. Fruin | 15 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 03/28/2022 _____
         (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By N. Alvarez_____, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

EXHIBIT 4, PAGE 21

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

# EXHIBIT 5

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

   The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties.  The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application.  These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*   The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:          FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

    a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c. Exchange of names and contact information of witnesses;

    d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

LACIV 229 (Rev 02/15)
LASC Approved 04/11
For Optional Use

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

Page 1 of 2

EXHIBIT 5, PAGE 24

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

(INSERT DATE)         (INSERT DATE)

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

Page 2 of 2

**EXHIBIT 5, PAGE 25**

Print    Save    Clear

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:                          FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

**EXHIBIT 5, PAGE 26**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

      iii.    Be filed within two (2) court days of receipt of the Request; and

      iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 2 of 3

**EXHIBIT 5, PAGE 27**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

[ Print ]    [ Save ]                                        [ Clear ]

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 3 of 3

**EXHIBIT 5, PAGE 28**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                           FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐   Request for Informal Discovery Conference
   ☐   Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

EXHIBIT 5, PAGE 29

Print          Save          Clear

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

**STIPULATION AND ORDER – MOTIONS IN LIMINE**

**EXHIBIT 5, PAGE 30**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

## The following parties stipulate:

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

Print     Save     Clear

LACIV 075 (new)
LASC Approved 04/11

**STIPULATION AND ORDER – MOTIONS IN LIMINE**     Page 2 of 2

**EXHIBIT 5, PAGE 31**

**FILED**

LOS ANGELES SUPERIOR COURT

MAY 1 1 2011

JOHN A. CLARKE, CLERK

BY NANCY NAVARRO, DEPUTY

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| General Order Re | ) | ORDER PURSUANT TO CCP 1054(a), |
|---|---|---|
| Use of Voluntary Efficient Litigation | ) | EXTENDING TIME TO RESPOND BY |
| Stipulations | ) | 30 DAYS WHEN PARTIES AGREE |
| | ) | TO EARLY ORGANIZATIONAL |
| | ) | MEETING STIPULATION |
| | ) | |

Whereas the Los Angeles Superior Court and the Executive Committee of the

Litigation Section of the Los Angeles County Bar Association have cooperated in

drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for

use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los

Angeles County Bar Association Labor and Employment Law Section; the Consumer

Attorneys Association of Los Angeles; the Association of Southern California Defense

Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California

Employment Lawyers Association all "endorse the goal of promoting efficiency in

litigation, and ask that counsel consider using these stipulations as a voluntary way to

promote communications and procedures among counsel and with the court to fairly

resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)    **EXHIBIT 5, PAGE 32**

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation.  This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

ORDER PURSUANT TO CCP 1054(a)          **EXHIBIT 5, PAGE 33**

1  by Code of Civil Procedure section 1054(a) without further need of a specific court

2  order.

3

4  DATED: _May 11, 2011_

5                                          Carolyn B. Kuhl, Supervising Judge of the
6                                          Civil Departments, Los Angeles Superior Court

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER PURSUANT TO CCP 1054(a)

# EXHIBIT 6



# Superior Court of California, County of Los Angeles

<div style="border:1px solid black;">

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

</div>

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR

1. **Negotiation**: Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation**: In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

    **Mediation may be appropriate when the parties**
    - want to work out a solution but need help from a neutral person.
    - have communication problems or strong emotions that interfere with resolution.
    **Mediation may <u>not</u> be appropriate when the parties**
    - want a public trial and want a judge or jury to decide the outcome.
    - lack equal bargaining power or have a history of physical/emotional abuse.

**EXHIBIT 6, PAGE 35**

**How to Arrange Mediation in Los Angeles County**

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
   - **JAMS, Inc.** Assistant Manager Reggie Joseph, RJoseph@jamsadr.com (310) 309-6209
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion**. They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC)**: MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

# EXHIBIT 7

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 0 3 2019

Sherri R. Carter, Executive Officer/Clerk

By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE LOS ANGELES SUPERIOR COURT )<br>— MANDATORY ELECTRONIC FILING )<br>FOR CIVIL )<br>                                              )<br>                                              )<br>                                              )<br>_____ ) | FIRST AMENDED GENERAL ORDER |

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

  a) **"Bookmark"**  A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

  b) **"Efiling Portal"**  The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

  c) **"Electronic Envelope"**  A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

  d) **"Electronic Filing"**  Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

e) **"Electronic Filing Service Provider"**   An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**   For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**   An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**   A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

ii) Bonds/Undertaking documents;

iii) Trial and Evidentiary Hearing Exhibits

iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

3

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image**.**

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4).  Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked.  Examples include, but are not limited to, the following:

   i)   Depositions;

   ii)   Declarations;

   iii)   Exhibits (including exhibits to declarations);

   iv)   Transcripts (including excerpts within transcripts);

   v)   Points and Authorities;

   vi)   Citations; and

   vii)   Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.   (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day <u>before</u> the ex parte hearing.

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

   a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

   b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

      i)    Any printed document required pursuant to a Standing or General Order;

      ii)   Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

      iii)  Pleadings and motions that include points and authorities;

      iv)   Demurrers;

      v)    Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

      vi)   Motions for Summary Judgment/Adjudication; and

      vii)  Motions to Compel Further Discovery.

   c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

   a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

   b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

6

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

1    11) SIGNATURES ON ELECTRONIC FILING

2         For purposes of this General Order, all electronic filings must be in compliance with California

3         Rules of Court, rule 2.257.  This General Order applies to documents filed within the Civil

4         Division of the Los Angeles County Superior Court.

5

6         This First Amended General Order supersedes any previous order related to electronic filing,

7    and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8    Supervising Judge and/or Presiding Judge.

9

10   DATED:  May 3, 2019                              KEVIN C. BRAZILE

11                                                                        Presiding Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 7, PAGE 43

# EXHIBIT 8

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Navid Kanani (SBN 270797) <br> JS Abrams Law PC <br> 20501 Ventura Boulevard, Suite 165 <br> Woodland Hills, CA 91364 <br> TELEPHONE NO.: (818) 330-4515    FAX NO. *(Optional)*: (818) 330-4138 <br> E-MAIL ADDRESS *(Optional)*: Navid@jsafirm.com <br> ATTORNEY FOR *(Name):* Plaintiff, BRIAN TOLK | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hills Street
MAILING ADDRESS: 111 North Hills Street
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk Courthouse

PLAINTIFF/PETITIONER: Brian Tolk

DEFENDANT/RESPONDENT: Royale International Couriers Ltd., et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: <br> 22STCV10468 |
|---|---|

TO *(insert name of party being served):* Royale International Couriers LTD.

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: April 26, 2022

Navid Kanani
_____        ► _____
(TYPE OR PRINT NAME)                        (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*

1. [✓] A copy of the summons and of the complaint.
2. [✓] Other *(specify):*

    Civil Case Cover Sheet; Notice of Case Assignment; First Amended General Order; ADR Packet; Voluntary Efficient Litigation Stipulation Packet

*(To be completed by recipient):*

Date this form is signed:

    May 16, 2022                              Ryan H. Cross
_____        ► _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,        (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                 ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

EXHIBIT 8, PAGE 44

**PROOF OF SERVICE**
*Brian Tolk v. Royale International Couriers, Ltd., et al.*
Case No. 22STCV10468

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made.  At all times herein mentioned I have been employed in the County of Los Angeles, in the office of a member of the bar of this court at whose direction the service was made.  My business address is 400 South Hope Street, Suite 1200, Los Angeles, CA 90071, my electronic service address is elizabeth.mendoza@ogletree.com.

On May 16, 2022, I served the following document(s):

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT – CIVIL – ROYALE INTERNATIONAL COURIERS LTD**

On the interested parties in this action, addressed as follows:

Navid Kanani, Esq.                                      Attorneys for Plaintiff,
Leona Kiwan, Esq.                                       Brian Tolk
JS ABRAMS LAW, PC
20501 Ventura Blvd., Suite 165
Woodland Hills, CA  91364
Telephone:   (818) 330-4515
Facsimile:   (818) 330-4138
Email:        Navid@jsafirm.com
              Leona@jsafirm.com

☒  **BY MAIL:**  I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒  **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person[s] at the e-mail addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒  (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 16, 2022, at Los Angeles, California.

Elizabeth Mendoza                                       /s/  Elizabeth Mendoza

_____                        _____
Type or Print Name                                     Signature

**EXHIBIT 8, PAGE 45**

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Navid Kanani (SBN 270797)<br>JS Abrams Law PC<br>20501 Ventura Boulevard, Suite 165<br>Woodland Hills, CA 91364<br>TELEPHONE NO.: (818) 330-4515   FAX NO. *(Optional)*: (818) 330-4138<br>E-MAIL ADDRESS *(Optional)*: Navid@jsafirm.com<br>ATTORNEY FOR *(Name)*: Plaintiff, BRIAN TOLK | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
  STREET ADDRESS: 111 North Hills Street
  MAILING ADDRESS: 111 North Hills Street
  CITY AND ZIP CODE: Los Angeles 90012
  BRANCH NAME: Stanley Mosk Courthouse

PLAINTIFF/PETITIONER: Brian Tolk

DEFENDANT/RESPONDENT: Royale International Couriers Ltd., et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>22STCV10468 |
|---|---|

TO *(insert name of party being served)*: Royale International Couriers, Inc.

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: April 26, 2022

Navid Kanani
_____
        (TYPE OR PRINT NAME)

▶ _____
   (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing)*:

1. [✓] A copy of the summons and of the complaint.
2. [✓] Other *(specify)*:
       Civil Case Cover Sheet; Notice of Case Assignment; First Amended General Order; ADR Packet;
       Voluntary Efficient Litigation Stipulation Packet

*(To be completed by recipient)*:

Date this form is signed:

        May 16, 2022

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____
   (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
   ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

EXHIBIT 8, PAGE 46

**PROOF OF SERVICE**

*Brian Tolk v. Royale International Couriers, Ltd., et al.*
Case No. 22STCV10468

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Los Angeles, in the office of a member of the bar of this court at whose direction the service was made. My business address is 400 South Hope Street, Suite 1200, Los Angeles, CA 90071, my electronic service address is elizabeth.mendoza@ogletree.com.

On May 16, 2022, I served the following document(s):

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT – CIVIL – ROYALE INTERNATIONAL COURIERS, INC.**

On the interested parties in this action, addressed as follows:

| | |
|---|---|
| Navid Kanani, Esq. | Attorneys for Plaintiff, |
| Leona Kiwan, Esq. | Brian Tolk |
| JS ABRAMS LAW, PC | |
| 20501 Ventura Blvd., Suite 165 | |
| Woodland Hills, CA  91364 | |
| Telephone:   (818) 330-4515 | |
| Facsimile:   (818) 330-4138 | |
| Email:        Navid@jsafirm.com | |
|                  Leona@jsafirm.com | |

☒ **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person[s] at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 16, 2022, at Los Angeles, California.

| | |
|---|---|
| Elizabeth Mendoza | /s/  Elizabeth Mendoza |
| Type or Print Name | Signature |

**EXHIBIT 8, PAGE 47**

POS-015

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Navid Kanani (SBN 270797)<br>JS Abrams Law PC<br>20501 Ventura Boulevard, Suite 165<br>Woodland Hills, CA 91364<br>TELEPHONE NO.: (818) 330-4515    FAX NO. *(Optional)*: (818) 330-4138<br>E-MAIL ADDRESS *(Optional)*: Navid@jsafirm.com<br>ATTORNEY FOR *(Name)*: Plaintiff, BRIAN TOLK | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hills Street
MAILING ADDRESS: 111 North Hills Street
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk Courthouse

PLAINTIFF/PETITIONER: Brian Tolk

DEFENDANT/RESPONDENT: Royale International Couriers Ltd., et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>22STCV10468 |
|---|---|

TO *(insert name of party being served):* Royale International

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: April 26, 2022

Navid Kanani
(TYPE OR PRINT NAME)                    ▶ _____
                                          (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [✓] A copy of the summons and of the complaint.
2. [✓] Other *(specify):*
   Civil Case Cover Sheet; Notice of Case Assignment; First Amended General Order; ADR Packet;
   Voluntary Efficient Litigation Stipulation Packet

*(To be completed by recipient):*

Date this form is signed:

May 16, 2022                              ▶ _Ryan H. Crane_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,     (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                      ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |

EXHIBIT 8, PAGE 48

**PROOF OF SERVICE**
*Brian Tolk v. Royale International Couriers, Ltd., et al.*
Case No. 22STCV10468

   I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made.  At all times herein mentioned I have been employed in the County of Los Angeles, in the office of a member of the bar of this court at whose direction the service was made.  My business address is 400 South Hope Street, Suite 1200, Los Angeles, CA 90071, my electronic service address is elizabeth.mendoza@ogletree.com.

   On May 16, 2022, I served the following document(s):

**NOTICE AND ACKNOWLEDGMENT OF
RECEIPT – CIVIL – ROYALE INTERNATIONAL**

On the interested parties in this action, addressed as follows:

| | |
|---|---|
| Navid Kanani, Esq. | Attorneys for Plaintiff, |
| Leona Kiwan, Esq. | Brian Tolk |
| JS ABRAMS LAW, PC | |
| 20501 Ventura Blvd., Suite 165 | |
| Woodland Hills, CA  91364 | |
| Telephone:   (818) 330-4515 | |
| Facsimile:    (818) 330-4138 | |
| Email:         Navid@jsafirm.com | |
|                     Leona@jsafirm.com | |

☒   **BY MAIL:**  I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒   **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person[s] at the e-mail addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒   (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

   Executed on May 16, 2022, at Los Angeles, California.

| | |
|---|---|
| Elizabeth Mendoza | /s/  Elizabeth Mendoza |
| Type or Print Name | Signature |

**EXHIBIT 8, PAGE 49**

# EXHIBIT 9a

JVR No. 1708160028, 2017 WL 3503541 (C.D.Cal.) (Verdict and Settlement Summary)

Copyright (c) 2019 Thomson Reuters/West
United States District Court, C.D. California.

NAVARRO v. DHL GLOBAL FORWARDING

2:15CV05510
DATE OF FILING: April 10, 2015
DATE OF TRIAL/SETTLEMENT: May 22, 2017

**SUMMARY**
**Outcome: Plaintiff Verdict**
**Total: $1,530,000**

**Related Court Documents:**
Plaintiff's complaint: 2015 WL 13450131

Defendant's trial brief: 2017 WL 2842616

**EXPERT-WITNESSES:**
**ATTORNEY:**
Plaintiff:
James A. Otto, Law Office of James A. Otto, Northridge, CA
Regina Ashkinadze, Elkin Gamboa & Ashkinadze L.L.P., Glendale, CA
Defendant:
Anthony C White, Thompson Hine L.L.P., Columbus, OH
John A. Conkle, Conkle, Kremer & Engel, Santa Monica, CA
Zachary Page, Conkle, Kremer & Engel, Santa Monica, CA
JUDGE: Christina A. Snyder

RANGE AMOUNT: $1,000,000 - 1,999,999

STATE: California
COUNTY: Not Applicable

**SUMMARY**
**PLAINTIFF:**
Sex: M

Age: Adult, 55

General Occupation: Truck Driver

**DEFENDANT:**
Sex: O

Organization Type: DHL Global Forwarding

EXHIBIT 9a, PAGE 50

NAVARRO v. DHL GLOBAL FORWARDING, JVR No. 1708160028 (2017)

**DAMAGES:**
Compensatory Pain & Suffering: $765,000

Compensatory Past Wages: $300,000

Compensatory Future Wages: $465,000

Total Compensatory Award: $1,530,000

**ADVERSE ACTION**
Closer Supervision: false

Constructive Discharge: false

Demotion: false

Denial Tenure: false

Failure Accomodate: true

Failure Grant Leave: false

Failure Hire: false

Failure Promote: false

Suspension: false

Sexual Harassment: false

Harassment: false

Hostile Work Env: false

Isolation: false

Lay Off: false

Loss Benefits: false

Loss Pay: false

Loss Seniority: false

Negative Eval: false

Negative Reference: false

Pay Increase Denial: false

Reassignment: false

Reduction Pay: false

NAVARRO v. DHL GLOBAL FORWARDING, JVR No. 1708160028 (2017)

Reprimands: false

Restrictions: false

Termination: true

**Entity Type: Transportation Company**
**STATUTES**
**Primary Specific Statute**
Primary Name: General

**Primary General Statute**
**Primary Name: Wrongful Termination**
Primary General Statute Discrimination: false

Specific Statute: State

**General Statute: Disability Discrimination**
General Statute Discrimination: true

Comparative Negligence Percentage: 0

**FACTS:**
Salvador Navarro sued DHL Global Forwarding for wrongful discharge in violation of public policy, failure to provide a reasonable accommodation, failure to engage in an interactive process, disability discrimination, and failure to prevent harassment, discrimination or retaliation. The plaintiff was reportedly employed by DHL from 1992 until his termination in July 2013, when he was serving as a cargo handler and driver at the defendant's Los Angeles International Airport facility. Navarro claimed he had a disability that was known to the defendant, namely diabetes, and that he needed to take lunch breaks to eat in order to maintain his blood sugar levels in a proper balance. The plaintiff said that on July 19, 2013, he was ordered to make four deliveries and one pickup without taking a lunch break, and that he became dizzy as a result of his diabetes and not having eaten. He claimed he stopped his truck for 10 minutes to drink water and eat an orange in order to alleviate his dizziness, and that thereafter, the defendant fired him for this incident, which it characterized as an unauthorized stop. The plaintiff contended he was wrongfully terminated in violation of public policies prohibiting discrimination based on an employee's disability. He brought additional causes of action under the Fair Employment and Housing Act (FEHA), Cal. Gov't. Code Sec. 12940 et seq., for disability discrimination, failure to provide a reasonable accommodation for his diabetes, failure to engage in an interactive process to find a reasonable accommodation, and failure to take all reasonable steps to prevent harassment, discrimination or retaliation. The defendant denied liability and contended Navarro was terminated for a legitimate non-discriminatory reason. The defendant contended Navarro had a history of making unauthorized stops in his truck and that as a result, he entered into a written agreement with DHL that any future unauthorized stop would result in his termination. DHL claimed Navarro made an additional unauthorized stop and then lied to cover it up, and that this was the basis for his termination. The jury found in favor of the plaintiff and awarded economic damages and emotional distress damages. The jury found that DHL engaged in conduct with malice, oppression or fraud but declined to award punitive damages.

Jury Verdict Research
COURT: USDC

WESTLAW   © 2022 Thomson Reuters. No claim to original U.S. Government Works.                    3

EXHIBIT 9a, PAGE 52

**NAVARRO v. DHL GLOBAL FORWARDING, JVR No. 1708160028 (2017)**

EXHIBIT 9a, PAGE 53

# EXHIBIT 9b

**Izaguirre vs. International Coffee & Tea LLC, 50 Trials Digest 16th 13 (2013)**

---

50 Trials Digest 16th 13, 2013 WL 6624243 (Cal.Super.) (Verdict and Settlement Summary)

Copyright (c) 2019 Thomson Reuters/West

Superior Court, Los Angeles County, California.

Izaguirre vs. International Coffee & Tea LLC

**TOPIC:**

Synopsis: Injured barista claims employer failed to provide reasonable accommodation

Case Type: Labor & Employment; Discrimination; Labor & Employment; Disability/Medical Condition; Labor & Employment; Retaliation; Labor & Employment; Termination/Constructive Discharge; Labor & Employment; Family & Medical Leave

DOCKET NUMBER: BC486877

STATE: California
COUNTY: Los Angeles

Verdict/Judgment Date: September 26, 2013

JUDGE: Terry A. Green

**ATTORNEYS:**

Plaintiff: Jordan D. Bello, Lavi & Ebrahimian, Beverly Hills; N. Nick Ebrahimian, Lavi & Ebrahimian, Beverly Hills; Helen U. Kim, deRubertis Law Firm, Studio City; David M. deRubertis, deRubertis Law Firm, Studio City.

Defendant: Keith A. Jacoby, Littler Mendelson, Los Angeles; Elizabeth Nguyen, Littler Mendelson, Los Angeles.

**SUMMARY:**

Verdict/Judgment: Plaintiff

Verdict/Judgment Amount: $125,000

Range: $100,000-199,999

$40,000 to plaintiff for past economic damages

$80,000 to plaintiff for past noneconomic damages

$5,000 to plaintiff for future noneconomic damages

Trial Type: Jury

Deliberations: Not reported.

Jury Poll: Not reported.

**EXPERTS:**

Plaintiff: Not reported.

Defendant: Not reported.

---

EXHIBIT 9b, PAGE 54

Izaguirre vs. International Coffee & Tea LLC, 50 Trials Digest 16th 13 (2013)

**TEXT:**

**CASE INFORMATION**

**FACTS/CONTENTIONS**
According to court records: Plaintiff Martha Izaguirre worked as a barista for defendants International Coffee & Tea LLC and The Coffee Bean & Tea Leaf. On April 11, 2010, plaintiff fractured her wrist in a car accident. Plaintiff took a leave of absence from work to have treatment, including surgery performed April 20, 2012.

On June 14, 2010, plaintiff's doctor extended her leave until July 12, 2010. Plaintiff claimed that on July 8, 2010, defendants told her that her 12 weeks of FMLA leave had expired and she was required to contact her manager "within the next 24 hours to schedule [her] return to work to avoid termination." Plaintiff claimed defendants also told her to provide a doctor's note upon her return to work releasing her either with or without restrictions. Plaintiff claimed she went to her doctor and obtained a medical note allowing her to return to work with mild restrictions on the use of her hand for four weeks.

Plaintiff claimed that a few hours into her shift on her first day back at work, defendant's human resources department called and told her she could not continue working with the work restrictions provided by her doctor and that she needed to either get a doctor's note revoking the work restrictions or she would be terminated.

On July 19, 2010, defendants reportedly terminated plaintiff's employment.

Plaintiff alleged failure to provide reasonable accommodation, failure to engage in the interactive process, disability discrimination, retaliation and wrongful termination.

Defendant denied liability and contended accommodating plaintiff's condition created an undue hardship.

**CLAIMED INJURIES**
NA

**CLAIMED DAMAGES**
According to court records:
Not reported.

**SETTLEMENT DISCUSSIONS**
According to court records:

Not reported.

**COMMENTS**
According to court records:

The complaint was filed July 10, 2012.

Trials Digest, A Thomson Reuters/West business
Los Angeles County Superior Court/Downtown

**End of Document**                                    © 2022 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT 9b, PAGE 55

# EXHIBIT 9c

44 Trials Digest 13th 11, 2008 WL 8126132 (Cal.Superior) (Verdict and Settlement Summary)

Copyright (c) 2019 Thomson Reuters/West

Superior Court, Orange County, California.

Karras vs. Joan Baker Designs Inc.

**TOPIC:**

Synopsis: Single father claims his termination was illegal

Case Type: Labor & Employment; Discrimination; Labor & Employment; Termination/Constructive Discharge; Fraud & Misrepresentation; Fraud; Labor & Employment; Violation of Public Policy

DOCKET NUMBER: 07CC07908

STATE: California
COUNTY: Orange

Verdict/Judgment Date: August 13, 2008

JUDGE: Andrew P. Banks

**ATTORNEYS:**

Plaintiff: Wayne D. Clayton, Horowitz & Clayton, Los Angeles; Craig A. Horowitz, Horowitz & Clayton, Los Angeles; Steven H. Taylor, Horowitz & Clayton, Los Angeles.

Defendant: Bruce D. May, Straddling, Yocca, Carlson & Rauth, Newport Beach; Nicole Zajack, Straddling, Yocca, Carlson & Rauth, Newport Beach.

**SUMMARY:**

Verdict/Judgment: Plaintiff

Verdict/Judgment Amount: $159,000

Range: $100,000-199,999

$100,000 emotional distress damage; $15,000 punitive against defendant McKee; $39,000 economic damage; $5,000 punitive against defendant Joan Baker Design.

Trial Type: Jury

Deliberations: Not reported.

Jury Poll: Not reported.

**EXPERTS:**

Plaintiff: David T. Fractor, Ph.D., economist, Phillips & Fractor, Pasadena, (626) 744-3535.

Defendant: Not reported.

**TEXT:**

**CASE INFORMATION**

Karras vs. Joan Baker Designs Inc., 44 Trials Digest 13th 11 (2008)

**FACTS/CONTENTIONS**

According to court records: Plaintiff Steve Karras was employed by defendant Joan Baker Designs Inc. as Product Development Manager from March 12, 2007 through March 28, 2007. At the time of his termination on March 28, 2007, plaintiff was earning $100,000 per year.

Prior to his employment with defendant Joan Baker Designs, plaintiff lived in Eugene, Oregon and was a single father of an 8-year-old daughter. Beginning in late January 2007, defendants Joan Baker Designs and Joan Baker McKee engaged in job negotiations with plaintiff. Plaintiff said defendants promised plaintiff would have stable employment as director of product development and would be a long-term employee and eventually assume the role of vice-president.

Plaintiff accepted the job and moved from Oregon to San Clemente, California and was given a $3,500 moving allowance. Plaintiff said defendant Baker expressed reservations about hiring plaintiff due to his being a divorced, single father.

After hiring plaintiff, defendant Baker became upset and angry when plaintiff told her he had some limitations as to when he went to China for the company as a result of his obligations as a divorced, single father with exclusive custody.

Plaintiff said he picked his daughter up from school on March 27, 2007, and brought her to his office at 5:00 p.m. because he needed to work past 5:00 on a project.

Plaintiff was terminated March 28, 2007.

Plaintiff alleged fraud in the inducement, violation of Labor Code § 970, marital status discrimination, and wrongful termination.

**CLAIMED INJURIES**

According to court records:

Emotional distress.

**CLAIMED DAMAGES**

According to court records:

Not reported.

**SETTLEMENT DISCUSSIONS**

According to court records:

Not reported.

**COMMENTS**

According to court records:

The complaint was filed on July 13, 2007.

Trials Digest, A Thomson Reuters/West business
Orange County Superior Court

 © 2022 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT 9c, PAGE 57

# EXHIBIT 9d

HERNANDEZ v. PACIFIC BELL TELEPHONE CO. D/B/A..., JVR No. 1605120026...

JVR No. 1605120026, 2016 WL 2758062 (Cal.Super.) (Verdict and Settlement Summary)

Copyright (c) 2019 Thomson Reuters/West

Superior Court, San Diego County, California.

HERNANDEZ v. PACIFIC BELL TELEPHONE CO. D/B/A AT&T COMMUNICATIONS OF CALIFORNIA INC.

37-2014-00014271-CU-WT-CTL
DATE OF FILING: May 05, 2014
DATE OF TRIAL/SETTLEMENT: April 14, 2016

**SUMMARY**
**Outcome: Plaintiff Verdict**
**Total: $2,102,884**
HIGH AMOUNT: $0

LOW AMOUNT: $0

**Related Court Documents:**
Plaintiff's complaint: 2014 WL 11296990

Defendant's trial brief: 2016 WL 1717695

Verdict form: 2016 WL 1715445

**EXPERT-WITNESSES:**
**ATTORNEY:**
Plaintiff: Terry J. Chapko, Law Office of Terry J. Chapko, Coronado, CA
Plaintiff: David M. deRubertis, The deRubertis Law Firm, Studio City, CA
Plaintiff: Helen U. Kim, The deRubertis Law Firm, Studio City, CA
Plaintiff: Alyssa K. Schabloski, The deRubertis Law Firm, Studio City, CA
Defendant: Janine S. Simerly, Miller Law Group, San Francisco, CA
Defendant: Lisa C. Hamasaki, Miller Law Group, San Francisco, CA
Defendant: Jocelyn M. Chan, Miller Law Group, San Francisco, CA
Defendant: Holly R. Lake, Miller Law Group, Los Angeles, CA
Defendant: Nicole Herter Perkin, Miller Law Group, Los Angeles, CA
JUDGE: Eddie C. Sturgeon

RANGE AMOUNT: $2,000,000 - 4,999,999

STATE: California
COUNTY: San Diego

**SUMMARY**
**PLAINTIFF:**
Sex: N

**DEFENDANT:**

EXHIBIT 9d, PAGE 58

HERNANDEZ v. PACIFIC BELL TELEPHONE CO. D/B/A..., JVR No. 1605120026...

Sex: O

Organization Type: Pacific Bell Telephone Co. d/b/a AT&T Communications of California Inc.

**DAMAGES:**
Compensatory Pain & Suffering: $1,500,000

Compensatory Other: $602,884

Total Compensatory Award: $2,102,884

Punitive Damages: $0

Hedonic Damages: $0

Property Damages: $0

Interest: $0

Other Damages: $0

Loss of Services: $0

**ADVERSE ACTION**
Closer Supervision: true

Constructive Discharge: false

Demotion: false

Denial Tenure: false

Failure Accomodate: true

Failure Grant Leave: true

Failure Hire: false

Failure Promote: false

Suspension: true

Sexual Harassment: false

Harassment: false

Hostile Work Env: false

Isolation: false

Lay Off: false

Loss Benefits: false

EXHIBIT 9d, PAGE 59

Loss Pay: false

Loss Seniority: false

Negative Eval: false

Negative Reference: false

Pay Increase Denial: false

Reassignment: false

Reduction Pay: false

Reprimands: false

Restrictions: false

Termination: true


**Entity Type: Private Utility Company**
**STATUTES**
**Primary Specific Statute**
Primary Name: State


**Primary General Statute**
**Primary Name: Family and Medical Leave**
Primary General Statute Discrimination: false

Specific Statute: State


**General Statute: Disability Discrimination**
General Statute Discrimination: true

Specific Statute: General


**General Statute: Retaliation**
General Statute Discrimination: false

Comparative Negligence Percentage: 0


**FACTS:**
Angela Hernandez, a Sales and Service Representative (SSR), brought claims against Pacific Bell Telephone Co. d/b/a/ AT&T Communications of California Inc. for violation of the Family Medical Leave Act (FMLA) and the California Family Rights Act (CFRA), CFRA interference, disability discrimination, retaliation, disparate treatment, failure to provide a reasonable accommodation, and failure to prevent discrimination. The plaintiff claimed she was a good and loyal employee, who performed her duties in a satisfactory manner, but in November 2011, she went out on a leave of absence because she was suffering the effects of migraine headaches and dizziness. Hernandez alleged upon her return to work, the defendant

EXHIBIT 9d, PAGE 60

informed her that she was not meeting the company's requirement of regular and reliable attendance, and she began reporting to a new supervisor, who monitored her more closely, and was unduly critical of her performance. For example, Hernandez claimed she was suspended for one day for not meeting SSR standards, and she was suspended again after taking requested leave, because the supervisor insisted she had requested a different time. The plaintiff asserted the supervisor suspended her again for two days after she took leave to be with her ailing father, claiming she was not eligible for FMLA leave because she had worked only 1,242.5 hours rather than the 1,250 hours, which was required to qualify for said leave, and ultimately she was fired. She argued that the defendant interfered with the exercise of her right to take medical leave, and it failed to take all reasonable steps to prevent discrimination. The defendant denied the claims and contended the plaintiff was terminated because of poor performance, noting that her own union found the termination justifiable, and refused to take her grievance challenging the termination to arbitration. Furthermore, the defendant argued the plaintiff was granted all the reasonable accommodations she requested, but she committed FMLA abuse because she used FMLA/CFRA leave when she did not suffer from a serious medical condition. Additionally, it claimed she only reported to the doctor that she suffered from migraines only 30 percent of the days she took FMLA time for migraines. A jury found for the plaintiff and awarded her $240,329 for past economic damages, $362,555 for future economic damages, $500,000 for past loss of enjoyment of life, mental suffering, anxiety, humiliation, grief, inconvenience, physical pain or impairment, and emotional distress, and $1,000,000 for future loss of enjoyment of life, mental suffering, anxiety, humiliation, grief, inconvenience, physical pain or impairment, and emotional distress. The jury also found the defendant failed to prove the plaintiff misused CFRA/FMLA leave.

Jury Verdict Research
COURT: Superior

**End of Document**                                              © 2022 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT 9d, PAGE 61

# EXHIBIT 9e

38 Trials Digest (TD) 09401, 1986 WL 795038 (Cal.Superior) (Verdict and Settlement Summary)

Copyright (c) 2019 Thomson Reuters/West

### Superior Court of California

Frank H. Lang, as Trustee for the Estate of Margie Zingarelli, a Bankrupt v. Healthco International Corporation

**TOPIC:**
Case Type: Wrongful Termination

DOCKET NUMBER: 327143-4

STATE: California
COUNTY: Fresno

TRIAL: 8-26-86 to 9-2-1986

JUDGE: Hon. Mario Olmos
**ATTORNEYS:**
Plaintiff: GERALD J. MAGLIO, (Miles, Sears & Eanni), P-Fresno
Defendant: REW WEISS, (Baker, Manock & Jenson), D-Fresno

**SUMMARY:**
Specials: Economic Loss: $50,000-$100,000

Demand: $400,000 (998); Suggested Verdict: None Stated

Offer: None; Suggested Verdict: None Stated

Verdict: Plaintiff

Vote: 11-1

Jury Out: Unknown

Amount: $70,000 Economic Loss; $10,000 Emotional Distress; $175,000 Punitive Damages

Range: $100,000-199,999

SYNOPSIS: Margie Zingarelli, age 53 at the time of her termination, was secretary, office administrator, and credit manager for Defendant. She had gone to work at Healthco International Corporation, an international distributor of supplies to the dental profession, in June of 1973, as a secretary to the branch manager. Before going to work for Healthco, she had worked for another company in the Fresno area and, for most of that period, the branch manager of her previous employer had been Richard Watters. The predecessor company, which has no connection whatsoever with Healthco, was starting to go downhill, and Mr. Watters left in 1972. The Western Regional Manager of the predecessor company, Joseph Halliday, also left, and had joined Healthco. Mr. Halliday decided that it would be a good idea to open a new branch of Healthco in Fresno, and he and Mr. Watters agreed that Mr. Watters would pioneer the branch and that Mr. Watters would return to Fresno, his home.

Mr. Watters hired many of the people from his old company to work for him, including Margie Zingarelli. There was a conflict in the testimony on this point. Joseph Halliday, by then the Western Regional Manager for Healthco, testified that he did not want Mrs. Zingarelli, as he had observed her work for the previous company and had decided that she was

EXHIBIT 9e, PAGE 62

incompetent. He stated that Mr. Watters, however, insisted on hiring Mrs. Zingarelli because he was comfortable with her work. Mr. Watters testified that he hired her because she was a competent employee, and he wanted to staff Healthco with competent employees. The evidence was uncontroverted that Mrs. Zingarelli worked at Healthco for over eleven years and six months, and that, at no time, was she ever advised that her job was in jeopardy. For the first seven years, she received regular pay raises, although there was a dispute as to whether they were merit increases or merely cost of living increases, with Healthco claiming they were basically cost of living increases. On January 4, 1985, the first payday of the new year and the first official day for the new branch manager, Mr. Hormel, Mrs. Zingarello was terminated, at 4: 45 p.m., with no prior warning or notice.

Mr. Halliday, and Mr. Lynn Hormel, who took over for Mr. Watters in 1985, both testified that, during 1984, things were deteriorating very rapidly at the Fresno branch of Healthco. They attributed this to poor management on the part of Mr. Watters, and partially on Mrs. Zingarelli being abusive to other employees and customers. As credit manager, it was claimed she used abusive tactics to collect delinquent accounts, and was abusive to salesmen whose job it was to make outside calls. It was decided in late 1984 that Mr. Watters would retire as of December 31. Mr. Halliday testified that it was with great reluctance he had to ask Mr. Watters to retire, as they had had a working relationship going back for thirty years, between Healthco and the previous company. Mr. Halliday spoke with Mr. Hormel, who was an inside salesman during 1984 prior to assuming the job held by Mr. Watters, and they agreed that Mrs. Zingarelli would also have to go. They stated that it was for the good of the business and that it was a life and death situation for the Fresno branch and things had to be turned around.

Defendant contended that Mrs. Zingarelli was terminated for the good of the company, in order to solve problems at the Fresno branch, and that it had not violated good personnel standards and practices. Defendant Healthco contended that there were no written formal termination procedures and, in fact, there were not. However, the President of the corporation was deposed, and his deposition was read to the jury. He stated that it is Healthco's policy to treat employees fairly, and not to terminate employees without good cause.

INJURIES/DAMAGES: Plaintiff alleged that, subsequent to her termination, she looked for work for approximately six months, and was unable to find anything in her usual field. She worked at a packing shed, packing fruit, for one week, and then found a job as a dietary aide at a local residential retirement complex, where she still works. She testified that, because of her loss of income from Healthco, $1,400 per month at termination, she was forced to file bankruptcy.

**EXPERTS:**
**NON-MEDICAL EXPERT/WITNESS TESTIMONY:**
**(Plaintiff:**
Charlotte Erb, (PhD./Business Administration Expert, c.S.U.-Fresno), a Professor of Business Administration and an expert in personnel and human resources, testified that Healthco violated good standard personnel policies, and violated their own policies by terminating Plaintiff.

James Schierholz, (Economist-Los Angeles), testified concerning the past and future wage loss, based on a difference between the wages that Plaintiff would likely have earned at Healthco, compared to what she has earned, and will likely earn in the future, working as a dietary aide. he gave a loss of income total of between $50,000 and $100,000, dependins upon certain assumptions.

COMMENTS: The jury found on Special Verdict that Defendant breached the implied contract in that it terminated plaintiff's employment without good cause, and that it breached the implied covenant of good faith and fair dealing. The jury also found that, as a legal result of the breaches, Plaintiff suffered emotional distress and economic injury. The jury further found that, in so acting, Defendant acted with malice, oppression or fraud, and they assessed punitive damages.

Trials Digest, A Thomson/West business
FRESNO COUNTY

© 2022 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT 9e, PAGE 63

# EXHIBIT 9f

Chopourian vs. Catholic Healthcare West, 12 Trials Digest 15th 10 (2012)

12 Trials Digest 15th 10, 2012 WL 767196 (E.D.Cal.) (Verdict and Settlement Summary)

Copyright (c) 2019 Thomson Reuters/West
United States District Court, E.D. California.

Chopourian vs. Catholic Healthcare West

**TOPIC:**
Synopsis: Armenian-American physician's assistant alleges discrimination based on gender and ethnicity

Case Type: Labor & Employment; Discrimination; Labor & Employment; Race/National Origin; Labor & Employment; Gender; Labor & Employment; Retaliation; Labor & Employment; Harassment-Sexual; Intentional Torts; Infliction of Emotional Distress; Labor & Employment; Termination/Constructive Discharge; Labor & Employment; Violation of Public Policy; Labor & Employment; Wage Disputes; Interference with Economic Advantage

DOCKET NUMBER: 09CV02972(KJM)

STATE: California
COUNTY: Not Applicable

Verdict/Judgment Date: February 29, 2012

JUDGE: Kimberly J. Mueller
**ATTORNEYS:**
Plaintiff: Lawrance A. Bohm, Bohm Law Group, Sacramento; W. Daniel Boone, Weinberg, Roger & Rosenfeld, Alameda; Darci E. Burrell, Dickson, Levy, Vinick, Burrell & Hyams, Oakland; Gregory R. Davenport, Law Offices of Gregory R. Davenport, Stockton; Erika M. Gaspar, Law Offices of Erika M. Gaspar, Sacramento; Jean K. Hyams, Dickson, Levy, Vinick, Burrell & Hyams, Oakland; Leslie F. Levy, Dickson, Levy, Vinick, Burrell & Hyams, Oakland.
Defendant: David L. Ditora, La Follette, Johnson, De Haas, Fesler & Ames, Sacramento; Mary E. Greene, La Follette, Johnson, De Haas, Fesler & Ames, Sacramento; Judith Clark Martin, La Follette, Johnson, De Haas, Fesler & Ames, Sacramento; Roy L. Westfall, La Follette, Johnson, De Haas, Fesler & Ames, Sacramento.

**SUMMARY:**
Verdict/Judgment: Plaintiff

Verdict/Judgment Amount: $167,730,488

Range: $5,000,000-999,999,999
Sexually hostile work environment: $10,000,000 non-economic damages; $31,250,000 punitive damages; Retaliation: $549,360 past lost wages; $3,181,128 future lost wages; $5,000,000 non-economic damages; $6,250,000 punitive damages; Wrongful termination: $549,360 past lost wages; $3,181,128 future lost wages; $8,000,000 non-economic damages; $31,250,000 punitive damages; Retaliation for Reports Regarding Patient Safety: $549,360 past lost wages; $3,181,128 future lost wages; $2,000,000 non-economic damages; $31,250,000 punitive damages; Intentional Interference with Prospective Economic Advantage: $549,360 past lost wages; $3,181,128 future lost wages; $8,000,000 non-economic damages; $6,250,000 punitive damages; Defamation: $6,000,000 damages; $18,750,000 punitive damages, The awards for past and future lost wages were duplicative.

Trial Type: Jury

Trial Length: 14 days.

EXHIBIT 9f, PAGE 64

Deliberations: 1 day.

Jury Poll: Not reported.

**EXPERTS:**
Plaintiff: Charles R. Mahla, Ph.D., senior economist, Econ One Research Inc., Sacramento, (916) 576-0366.
Defendant: Not reported.

**TEXT:**

**CASE INFORMATION**

**FACTS/CONTENTIONS**
 According to court records: Plaintiff Ani Chopourian, a licensed Physician's Assistant, worked in that capacity for defendant Catholic Healthcare West ("CHW") from approximately August 2006 to August 7, 2008. Plaintiff worked primarily at defendant Mercy General Hospital, owned and operated by CHW.
 Plaintiff, who is Armenian-American, alleged that, from the beginning of her employment, she was subjected to sexual and ethnic comments from co-workers and persons in supervisory positions, such as the surgeons.
 On August 7, 2008, defendants terminated plaintiff, allegedly for failing to report to work on Sunday, August 3, 2008. Plaintiff applied for unemployment, but defendants objected, claiming that she was fired for misconduct. Plaintiff was granted unemployment benefits.
 In approximately August 2009, plaintiff began new employment with a different employer which required her to obtain privileges at CHW hospitals. Plaintiff was initially informed that there would not be a problem and that her national certification was not required. Subsequently, plaintiff was told by a CHW employee that she could not receive privileges until she obtained her national certification, which was not a requirement when plaintiff was employed by defendant. Plaintiff alleged that the requirement was not applied to her in an equitable manner and was an attempt to interfere with her ability to carry out the duties of her current employment. Plaintiff claimed that there were other physician's assistants working with privileges at CHW hospitals or were hired and given privileges that did not have the national certification and were permitted to continue working for an extended period of time without the certification.
 Plaintiff filed suit alleging Hostile Work Environment Based on Gender and National Origin/Ethnicity, National Origin Harassment and Discrimination, Retaliation in Violation of 42 U.S.C. section 2000e-3(a), Retaliation in Violation of 42 U.S.C. section 1981, Wrongful Termination in Violation of Public Policy, Intentional Infliction of Emotional Distress, Failure to Provide Adequate Meal and Rest Periods (Premium Wages), Interference with Prospective Economic Relations, and Defamation.

**CLAIMED INJURIES**
 According to court records:
 Emotional distress.

**CLAIMED DAMAGES**
 According to court records:
 Compensatory and punitive damages.

**SETTLEMENT DISCUSSIONS**
According to court records:

The parties participated in settlement conferences on September 15 and 28, 2011 but were unsuccessful in resolving this case.

EXHIBIT 9f, PAGE 65

Chopourian vs. Catholic Healthcare West, 12 Trials Digest 15th 10 (2012)

**COMMENTS**

According to court records:

The complaint was filed on October 23, 2009.

Trials Digest, A Thomson Reuters/West business
Eastern District Federal Court/Sacramento

---

 © 2022 Thomson Reuters. No claim to original U.S. Government Works.

---

 © 2022 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT 9f, PAGE 66

# EXHIBIT 9g

JUAREZ v. AUTOZONE STORES INC., JVR No. 1412040011 (2014)

---

JVR No. 1412040011, 2014 WL 7017660 (S.D.Cal.) (Verdict and Settlement Summary)

Copyright (c) 2019 Thomson Reuters/West

**United States District Court, S.D. California.**

JUAREZ v. AUTOZONE STORES INC.

3:08CV00417
DATE OF FILING: March 05, 2008
DATE OF TRIAL/SETTLEMENT: November 17, 2014

**SUMMARY**
**Outcome: Plaintiff Verdict**
**Total: $185,872,720**
HIGH AMOUNT: $0

LOW AMOUNT: $0

**Related Court Documents:**
Plaintiff's second amended complaint: 2010 WL 4806419

Defendant's motion for summary judgment: 2009 WL 3464465

Pretrial order: 2013 WL 9903704

Verdict form (liability and compensatory damages): 2014 WL 6599762

Verdict form (punitive): 2014 WL 6478472

**EXPERT-WITNESSES:**
Plaintiff:
Psychiatrist: Addario, Dominick, M.D., San Diego, CA
Plaintiff:
Accountant: Wolf, Vickie, C.P.A., Brinig & Company, San Diego, CA
**ATTORNEY:**
Plaintiff: Lawrance A. Bohm, Bohm Law Group, Sacramento, CA
Plaintiff: Charles E. Moore, Simpson-Moore L.L.C., San Diego, CA
Defendant: Gregg C. Sindici, Littler Mendelson P.C., San Diego, CA
Defendant: Liliya Stanik, Littler Mendelson P.C., San Diego, CA
Defendant: Nancy E. Pritikin, Littler Mendelson P.C., San Francisco, CA
Defendant: Joshua D. Levine, Littler Mendelson P.C., San Diego, CA
JUDGE: William V. Gallo

RANGE AMOUNT: $5,000,000 - 999,999,999

STATE: California
COUNTY: Not Applicable

**SUMMARY**

EXHIBIT 9g, PAGE 67

JUAREZ v. AUTOZONE STORES INC., JVR No. 1412040011 (2014)

**PLAINTIFF:**
Sex: F

Age: Adult

General Occupation: Middle Manager

**DEFENDANT:**
Sex: O

Organization Type: AutoZone Stores Inc.

**DAMAGES:**
Compensatory Pain & Suffering: $250,000

Compensatory Past Wages: $393,760

Compensatory Future Wages: $228,960

Total Compensatory Award: $872,720

Punitive Damages: $185,000,000

Hedonic Damages: $0

Property Damages: $0

Interest: $0

Other Damages: $0

Loss of Services: $0

**ADVERSE ACTION**
Closer Supervision: false

Constructive Discharge: false

Demotion: true

Denial Tenure: false

Failure Accomodate: false

Failure Grant Leave: false

Failure Hire: false

Failure Promote: true

Suspension: false

EXHIBIT 9g, PAGE 68

JUAREZ v. AUTOZONE STORES INC., JVR No. 1412040011 (2014)

Sexual Harassment: false

Harassment: true

Hostile Work Env: true

Isolation: false

Lay Off: false

Loss Benefits: false

Loss Pay: false

Loss Seniority: false

Negative Eval: false

Negative Reference: false

Pay Increase Denial: false

Reassignment: false

Reduction Pay: true

Reprimands: false

Restrictions: false

Termination: true

**Entity Type: Service/Retail Company**
**STATUTES**
**Primary Specific Statute**
Primary Name: State

**Primary General Statute**
**Primary Name: Pregnancy Discrimination**
Primary General Statute Discrimination: true

Specific Statute: State

**General Statute: Sex Discrimination**
General Statute Discrimination: true

Specific Statute: General

**General Statute: Retaliation**
General Statute Discrimination: false

EXHIBIT 9g, PAGE 69

JUAREZ v. AUTOZONE STORES INC., JVR No. 1412040011 (2014)

Specific Statute: General

**General Statute: Wrongful Termination**
General Statute Discrimination: false

Comparative Negligence Percentage: 0

**FACTS:**
Rosario Juarez sued AutoZone Stores Inc. for discrimination and harassment based on her pregnancy and gender, as well as retaliation, wrongful termination, and failure to prevent discrimination and harassment. The plaintiff, who was hired as a retail salesperson in December 2000 and was promoted to parts sales manager in 2001, claimed she performed her job satisfactorily and met all reasonable expectations, but the defendant had an opaque promotion process that discriminated against women. Juarez further claimed that the defendant directed its district managers to stop promoting women to store managers or reduce the number of women promoted, and to start getting rid of the women store and district managers. The plaintiff asserted she was promoted to store manager in 2004 only after she threatened to sue the company, but the defendant allegedly then ordered the human resources department to curtail or eliminate any investigations or prevention of discrimination. Juarez contended that when she became pregnant in September 2005, her supervisor asked her to step down as store manager because of her pregnancy, and continued to ask her to step down after her son was born. According to the plaintiff, she complained about her supervisor's conduct to a human resources representative, who ignored her complaint and destroyed evidence of her complaint, and to a regional training manager, who also did not investigate the complaint. Juarez was reportedly demoted to parts sales manager with a pay decrease in February 2006, but the defendant still asked her to perform store manager duties without promoting her. She maintained that in January 2007, she filed a complaint with the California Department of Fair Employment and Housing, and was terminated in November 2008 because she refused to participate in an illegal interrogation by loss prevention. She said her refusal was used as a pretext to terminate her, but her dismissal was actually motivated by her complaint of discrimination. The defendant denied the claims and contended the plaintiff was under-performing as store manager, and was given notice of her poor performance prior to telling her supervisor she was pregnant, mainly, the conditions of her store and her in-stock positions did not comply with company standards and she was not properly using the area merchandiser program. The defendant claimed that after Juarez was placed on a performance improvement plan, she began to encourage employees to quit if she was demoted or transferred, she was demoted when she she did not improve her performance, and she was terminated when $400 was missing because she did not follow proper cash handling procedures. A jury found for the plaintiff on all claims and awarded her $393,760 in back pay, $228,960 in front pay, $250,000 for pain and suffering, and $185,000,000 in punitive damages.

Jury Verdict Research
COURT: USDC

End of Document          © 2022 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT 9g, PAGE 70

# EXHIBIT 9h

Yaire Lopez v. Bimbo Bakeries USA, Inc., 2007 WL 1765192 (2007)

2007 WL 1765192 (Cal.Superior) (Verdict and Settlement Summary)

Copyright (c) 2019 ALM Media Properties, LLC. All Rights Reserved

Superior Court, San Francisco County, California

Yaire Lopez v. Bimbo Bakeries USA, Inc.

No. CGC-05-445104

DATE OF VERDICT/SETTLEMENT: May 22, 2007

TOPIC: CIVIL RIGHTS - PREGNANCY DISCRIMINATION - EMPLOYMENT - PREGNANCY - EMPLOYMENT - WRONGFUL TERMINATION - EMPLOYMENT - FAILURE TO ACCOMMODATE - EMPLOYMENT - RETALIATION

Baking Company Sued for Pregnancy Discrimination

**SUMMARY:**
RESULT: Verdict-Plaintiff

The jury found Bimbo Bakeries liable for discriminating against Lopez because she had become pregnant and that it had failed to accommodate her upon discovering that she was pregnant. The jury also found that Bimbo Bakeries had retaliated against Lopez by firing her after it failed to win an appeal against her unemployment insurance benefit claim. Additionally, the jury found Bimbo Bakeries activities malicious, fraudulent or oppressive. As a result of their findings, the jury awarded Lopez $2,340,700 in compensatory and punitive damages.

**EXPERT WITNESSES:**
Plaintiff: Mark A. Cohen, Ph.D.; Economics; Walnut Creek, CA Mark I. Levy, M.D; Psychiatry; Mill Valley, CA Mary Ciddio; Vocational Rehabilitation; Oakland, CA
**ATTORNEYS:**
Plaintiff: Daniel L. Feder; Law Offices of Daniel Feder; San Francisco, CA (Yaire Lopez); Christopher R. LeClerc; Law Offices of Daniel Feder; San Francisco, CA (Yaire Lopez)
Defendant: E. Joseph Connaughton; Paul, Plevin, Sullivan & Connaughton LLP; San Diego, CA (Bimbo Bakeries USA, Inc.); Melissa Listug-Klick; Paul, Plevin, Sullivan & Connaughton LLP; San Diego, CA (Bimbo Bakeries USA, Inc.)
JUDGE: Ronald Quidachay

RANGE AMOUNT: $2,000,000-4,999,999

STATE: California
COUNTY: San Francisco

**INJURIES: Plaintiff's counsel sought to recover $267,000 in past and future lost wages plus unspecified damages for emotional distress. Counsel also asked the jury to award Lopez punitive damages given the discriminatory and malicious nature of Bimbo Bakeries actions against Lopez.**

**Facts:**
On Feb. 4, 2005, plaintiff Yaire Lopez, a 27-year-old route sales representative, told her employer, Bimbo Bakeries, Fort Worth, Texas, that she had become pregnant three months before by providing the company with a medical restriction doctor's note. Bimbo Bakeries responded by notifying Lopez that it had placed her on unpaid medical leave because the medical restriction doctor's note prohibited her from performing the majority of her duties. Bimbo Bakeries reasoned that,

EXHIBIT 9h, PAGE 71

since Lopez would not be able to lift objects weighing more than 20 pounds or climb certain objects, she was unable to perform her job.

Understanding that she needed to have a job in order to provide for her children, Lopez applied for a thrift store clerk position with Bimbo Bakeries. The human resources department subsequently told Lopez that it didn't feel that she would be able to perform that job due to the medical restrictions indicated in the doctor's note she had provided and she was not placed in that role. The company further informed Lopez that her medical benefits would conclude after she was on unpaid medical leave for 12 weeks.

In an effort to clarify Lopez' situation, her medical provider then contacted Bimbo Bakeries and told it that her pregnant status wouldn't prevent her from performing the tasks that the positions required. Despite the medical provider's efforts to clarify her status as pregnant, and not disabled, Lopez was not issued another position by Bimbo Bakeries.

On April 4, 2005, Bimbo Bakeries sent Lopez a "48-Hour Letter" requesting that she confirm her status with the company within 48 hours or she would be listed as resigned. Lopez was out of town at the time and, when she finally saw the letter, she called Bimbo Bakeries one month later explaining that she wanted to continue to work for the company.

Following that call, Lopez applied for unemployment insurance benefits with the Employment Development Department (EDD). Lopez had worked for Bimbo Bakeries for four years.

When it learned of Lopez unemployment insurance benefit filing, Bimbo Bakeries contested Lopez' award with EDD, and subsequently the California Unemployment Insurance Appeals Board (CUIAB), claiming that Bimbo Bakeries had no modified duty to Lopez and that she had effectively quit the company. Bimbo's claims to deny Lopez unemployment benefits were denied by both the EDD and the CUIAB. After the CUIAB appeal hearing, which occurred on May 20, 2005, Bimbo Bakeries notified Lopez that the company was terminating her employment immediately because she had failed to promptly respond to the "48-hour letter" that she'd received a month-and-a-half earlier.

Claiming that she had been wrongfully discharged, willfully and maliciously discriminated against because she had become pregnant, and that Bimbo Bakeries had failed to reasonably accommodate her while she was pregnant, Lopez sued Bimbo Bakeries for damages.

Plaintiff's counsel asserted that Bimbo Bakeries immediately intended to terminate Lopez upon receiving notice that she had become pregnant. Counsel argued that the company's actions and determinations amounted to willful and malicious discrimination against a pregnant woman. Counsel further asserted that the actions that Bimbo Bakeries had taken upon being notified that Lopez had filed for unemployment benefits equated to a malicious retaliatory campaign.

Counsel for the defense argued that Lopez had quit her job by not returning to work and that its human resources department assumed that she had quit when it received notice that she was receiving unemployment insurance benefits. Counsel further maintained that Bimbo Bakeries contested Lopez' receipt of the unemployment benefits because employees who resign from their jobs are not entitled to receive the benefit.

According to the defendant Bimbo Bakeries, it took all measures to remain in contact with Lopez and it did not separate Lopez from her employment until it had received notice that she was receiving unemployment benefits. Counsel further asserted that the company only changed Lopez' status from resigned to terminated after the unemployment hearing concluded.

Regarding the wage loss claim, counsel argued that Lopez had to enter a program to find comparable work as an electrician. Since Lopez required five years of training and experience to get to the same level of income as she'd received when working for Bimbo Bakeries, counsel requested an award of $267,000 for past and future lost wages.

Counsel also emphasized that Lopez had suffered a significant amount of anxiety and emotional distress from being terminated by Bimbo Bakeries because she had children to feed and she was terminated while she was six months pregnant with twins. Counsel asserted that Lopez' fears grew to the point that she had seriously considered undergoing an abortion in order to regain her job with Bimbo Bakeries.

EXHIBIT 9h, PAGE 72

**Yaire Lopez v. Bimbo Bakeries USA, Inc., 2007 WL 1765192 (2007)**

Counsel for the defense contended that Lopez did not sustain any emotional distress damages and that her past economic loss was negligible. Additionally, counsel suggested that Lopez shouldn't have been entitled to any future economic damages because, two weeks prior to the start of the trial, Bimbo Bakeries officially offered to fully reinstate Lopez.

ALM Properties, Inc.
Superior Court of San Francisco County, at San Francisco

PUBLISHED IN: VerdictSearch California Reporter Vol. 6, Issue 24

**End of Document** © 2022 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW   © 2022 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT 9h, PAGE 73

# EXHIBIT 9i

2007 WL 4590579 (Cal.Superior) (Verdict and Settlement Summary)

Copyright (c) 2019 ALM Media Properties, LLC. All Rights Reserved
Superior Court, San Diego County, California

Danielle Coziahr v. Chula Vista Elementary School District

No. GIS24716

DATE OF VERDICT/SETTLEMENT: December 07, 2007

TOPIC: EMPLOYMENT - WRONGFUL TERMINATION - CIVIL RIGHTS - PREGNANCY DISCRIMINATION - DISCRIMINATION - GENDER

Teacher Claimed Termination Was Retaliatory, Gender-based

**SUMMARY:**
RESULT: Verdict-Plaintiff

The jury found in favor of the plaintiff, awarding her a total of $1,012,720.

By law, the defendant is also responsible for plaintiff's attorney's fees and court costs.

**EXPERT WITNESSES:**
Plaintiff: Stephen T. Riley, Ph.D.; Economics; San Diego, CA
**ATTORNEYS:**
Plaintiff: C. Daniel Carroll; McCann & Carroll; Carlsbad, CA (Danielle Coziahr); Laura J. Farris; Law Offices of Laura J. Farris; Carlsbad, CA (Danielle Coziahr)
Defendant: Pamela A. Dempsey; Parham & Rajcic; Laguna Hills, CA (Chula Vista Elementary School District, Chula Vista Elementary School District)
JUDGE: Charles Hayes

RANGE AMOUNT: $1,000,000-1,999,999

STATE: California
COUNTY: San Diego

**INJURIES: Since her termination, Coziahr has not had an interview for a teaching job at a public school in San Diego County, despite having submitted many applications. She claimed past and future lost wages and benefits of $862,720. She also asked for damages for her pain and suffering.**

**Facts:**
On Jan. 31, 2006, plaintiff Danielle Coziahr, 32, a third-grade teacher at Silver Wing Elementary School, was advised that she would not be asked to continue teaching the following year.

Coziahr sued Chula Vista Elementary School District, of which Silver Wing Elementary School is a part, claiming that she was fired because of gender discrimination, pregnancy discrimination and retaliation.

Coziahr taught third grade at Silver Wing Elementary School from July 19, 2004 through June 18, 2006. She claimed that she was subject to a pattern of gender-based discrimination by her school principal, Alex Cortes, from July 18, 2005 through Jan.

EXHIBIT 9i, PAGE 74

31, 2006, when she was notified that she would be denied tenure and not re-hired for the following school year. The alleged discriminatory acts included the denial of a private, locked room for expressing breast milk, as required by California Labor Code, Section 1031; removal from the school's leadership team; denial of books and other materials needed to instruct her students; denial of training; repeated comments about her child care responsibilities; and false evaluations by the principal.

When Coziahr was let go, the tenured teachers at Silver Wing unanimously opposed her termination and signed a petition on her behalf. Individual teachers wrote letters of support, lauding Coziahr's proficiency and dedication as a teacher and detailing her contributions to the school. Additionally, the parents of students passed out flyers opposing the termination and picketed the school. Coziahr retained a lawyer, who wrote to the district about the allegedly discriminatory basis of the termination and demanded that Coziahr be reinstated.

On March 7, 2006, the school board unanimously confirmed Coziahr's termination on its consent agenda without discussion. Her last day of teaching was June 16, 2006.

Plaintiff's counsel argued that the district's executive director for curriculum and instruction, Patricia Ludi; assistant superintendent for human resources, Dr. Thomas Cruz; and superintendent, Dr. Lowell Billings, failed to investigate the allegations against Coziahr.

Defense counsel claimed that Cortes thought Coziahr was not an effective teacher, and that her students' test scores had declined. He claimed that was why he felt her contract should not be renewed. He further claimed that he was unaware that she was pregnant with her second child at the time.

ALM Properties, Inc.
Superior Court of San Diego County, at Chula Vista

PUBLISHED IN: Employment Law Verdict Reports, Issue 9

 © 2022 Thomson Reuters. No claim to original U.S. Government Works.

   © 2022 Thomson Reuters. No claim to original U.S. Government Works.

**EXHIBIT 9i, PAGE 75**